WILLIAM WILLIM, Plaintiff in Error, vs. ISAAC BERNHEIMER— impleaded with ELAM GREELEY, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Certain work was commenced upon a house on the eleventh of May, 1857, and completed October twenty-seventh, 1857. After the repeal of the lien law of 1855, and of March 20th, 1858, and the passage of the lien law of August 12th, 1858, the claimant filed a claim or petition for his lien with the *Clerk of the District Court of the County*, as required by the act of March third, 1855. *Held*, that a mortgage on the property, recorded June twenty-fourth, 1857, was not affected by the claim for lien. The account for the work should have been filed with the Register of Deeds, as required by the seventh Section of the act of August 12th, 1858.

Points and Authorities of Plaintiff in Error.

*First.*—Under the mechanic's lien law of 1855, the Plain-

tiff's lien for work, labor, &c. was perfect upon the fulfillment by him of his contract with the Defendant Greeley. Such lien dating from the commencement of such work, &c. *Session Laws of* 1855, *Chap.* 16, *Sections* 9, 11, *and* 16 ; *Mason & Craig vs. Heyward, decided in this Court, at the December term,* 1860.

*Second.*—On the twenty-third day of October, 1857, (the day the work was completed and the contract in all respects fulfilled by the Plaintiff) the Plaintiff had acquired a full and perfect lien—a vested interest or right in the premises to the extent of his demand, $2638,11, dating from or reaching back to, the second day of May, 1857, (the time the work, &c. was commenced.) The Defendent Bernheimer at the same time having also a perfect lien—a vested right or interest in the premises to the extent of his claim, $5000, but dating, or reaching back only to June twenty-third, 1857, and being consequently subject to the ?Plaintiff's prior lien. Both liens were equally valid, and each was as much a vested right as the other in the premises. By the statutes of limitation then in force, however, one lien would be lost unless legal proceedings were taken upon it within a year from that date, while the other might be safely permitted to run for a much longer time without any proceedings whatever. *Session Laws of* 1855, *Chap.* 16, *Sections* 9, 11 *and* 15.

*Third.*—The Plaintiff's lien being a vested right, the repealing clause in the act of March, 1858, cannot operate to *destroy that right ;* and if the remedy, (the particular mode prescribed in the statute for the enforcement of such right) is destroyed by the repeal, a Court of equity will not suffer the right to be thereby lost, but will enforce it by the ordinary process and proceedings of such Courts. *Comp. Stat.* p. 695, *Sec.* 1, *&c.*; *Const. U. S., Art.* 1, *Sec.* 10 ; *Const. Minn. Art.* 1, *Sec.* 11 ; *Wilkinson vs. Leland,* 2 *Peter.* 627 ; 8 *Curtis,* 238 ; *Satterlee vs. Mathewson,* 2. *Pet.* 380 ; 8 *Curtis,* 147 *with note by Justice Johnson, p.* 254 *of* 8 *Curtis ; Dash vs. Vankleek,* 7 *John. Rep.* 500, 513 ; *opin. of Kent, Justice ; Smith's Com. Sections* 161, 759, 760, 533, 768, 772, *and Sections* 152 *to* 158 *inclusive* ; *Butler vs. Palmer,* 1 *Hill,* 324.

*Fourth.*—The law of August, A. D. 1858, provides that all liens *filed* under pre-existing laws may be prosecuted under such laws to final judgment. This clause should be construed to mean all liens *acquired* under pre-existing laws, &c. Such was evidently the intention of the Legislature. *Comp. Stat. p.* 699, *Sec.* 17; *Moody & Perkins vs. Stephenson,* 1 *Minn. Rep.* 402–3; *Smith's Com. Sections* 530 *to* 532 *inclusive.*

Points and authorities of Defendant in Error.

*First.*—The Appellant's right to a Mechanic's lien was purely a statutory right, not arising out of his contract, but depending entirely upon the statute for its existence, and was therefore lost by a repeal of the statute under which it was derived, no steps having been taken under the repealed statute for the perfection of the right, it remained inchoate, at the time of the repeal, and there being no reservation in the repealing act, the mechanic's lien cannot now be enforced. *Mason & Craig vs. Bailey & Gilman,* decided at the December term of the Supreme Court, 1860, see *decision on file by Chief Justice Emmett; Smith on Constitutional construction, Sections* 759, 765, 766, 767, 768, *and* 775; *Evans vs. Montgomery,* 4 *Watts. & Serg.* 218; *O'Connor vs. Warren,* 4 *Watts. & Serg.* 223; *Knough vs. Pequa, Bk.* 1 *Ohio S. R.* 603; *Williams vs. Waldo,* 3 *Scam.* 268; *Thurston vs. Prentiss,* 1 *Mann. Mch.* 193; *Green & Brothers, vs. Ely,* 3 *Iowa.* 508; *Hinsdale vs. Larned et als,* 16 *Mass.* 65; *Fenelon's petition,* 7 *Barr. (Penn.)* 173; *Storner vs. Immell,* 1 *Watts.* 258.

*Second.*—The right to a mechanic's lien not being in its nature a vested one, and being simply an additional remedy to enforce a certain class of contracts, in favor of a special class, is under the absolute control of the Legislature and can be taken away by them, without impairing any obligation of the contract, or divesting any right vested in its character. *See the above authorities; Butler vs. Palmer,* 1 *Hill* 324; 5 *Cranch,* 281.

*Third.*—The *remedies* for the enforcement of all contracts and rights are under the control of the legislative power, who

have the right at all times to change the forms thereof, and where a remedy for the enforcement of a contract has been materially changed by statute, before proceedings have been *wholly concluded* for the enforcement of the contract or right under the prior statute, the proceedings fall to the ground, or must at least be prosecuted strictly in accordance with the provisions of the new statute. *See above authorities*; *Canal St. Road.* 10 *Watts.* 351; *Tilfald vs. Wilson*, 5 *Watts.* 140; *Story's Commentaries on Conflict of Law*, 575, 323; *Smith on Constitutional Construction, Section* 254; *Heyward vs. Judd, decided at December Term,* 1860, *in this Court. Opinion by Emmett, C. J.*

H. R. BIGELOW, Counsel for Plaintiff in Error.

HORN & GALUSHA, Counsel for Defendant in Error.

*By the Court.*—EMMETT, C. J.—The Plaintiff having a claim against Defendant Greeley, amounting to something over $2,600, for work done and materials furnished in the erection of a building on the premises described in the complaint, brings his action therefor, and asks to have the same declared a lien upon the building and premises, from the time the work was commenced. Bernheimer the other Defendant has a mortgage lien upon the same property for some $5,000 and interest, and he is made a party for the purpose of determining the priority of liens. The work on the building was commenced May 11, 1857 and the building completed October 27, 1857. Bernheimer's mortgage was recorded June 24, 1857.

Under the law in force at the time the Plaintiff's claim originated, (act of March 10, 1855,) it was necessary for the mechanic, in order to perfect and continue his lien longer than a year from the time of furnishing materials and performing labor on the building, to file within such year in the County or Circuit Court [District Court of the County] a petition or claim for the same, containing a brief statement of the contract or demand on which the claim was founded, the amount due thereon, and description of the premises, etc.,

and also to commence within the year an action to recover the debt.

Before any such petition or claim was filed in this case the law was unconditionally repealed by the act of March 20, 1858, and this latter act provided that the claim of a mechanic for labor, etc., in the erection of a building, should not remain a lien for a longer period than sixty days after the labor was performed or materials furnished, unless a certificate in writing, describing the premises, the amount claimed as a lien thereon, and the date of the commencement of the claim, were lodged with the *Register of Deeds*, of the County where the building was situated. *Com. Stat.* 695, *Sections 14 and* 15.

Nothing was done by the Plaintiff towards filing the certificate required by this act.

The act of August 12, 1858, *Com. Stat.* 696, was soon afterwards passed, which made provision for creating liens, as well for labor performed and materials furnished prior to its passage, as for that which should be performed or furnished afterwards, (*Sec.* 1,) provided the person entitled to such a lien, made and swore to an account in writing, of the items of labor, materials, etc., furnished, within a year after furnishing the same, and filed said account in the office of the *Register of Deeds.* It further provided (*Sec.* 17,) that in all cases where liens have been filed under pre-existing laws, the same may be prosecuted to final judgment under such laws, and in all cases where the right to liens *have accrued*, as provided by this act, the same may be prosecuted in accordance with its provisons.

The Plaintiff, as before observed, did not, while the act of March 3, 1855, was in force, comply with its provisions, by filing his claim or petition in the District Court, and to do so after the act was repealed would not aid him, for there was no law in existence requiring, or permitting such a course. Nor did he, while the act of March 20, 1858, was in force, and unaffected by subsequent legislation, lodge with the Register of Deeds of the County, the *certificate* required by that act, or any certificate. He cannot therefore, rightfully claim to have " filed his lien" under any pre-existing law.

But conceding that, after the passage of the act of August 12, 1858, he was still entitled to a lien under its provisions, (a year not having expired after performing the labor and furnishing the materials mentioned in ʿthe complaint) it was nevertheless incumbent on him ˌto comply with this act, by filing with the *Register of Deeds*, the sworn account required by the seventh section. Instead however of pursuing this, the only course left him, he disregarded the requirements of the act of August 12, 1858, and filed with the *Clerk of the District Court*, a claim or petition like that required by the act of March 3, 1855, which had been unconditionally repealed.

Upon this state of facts the conclusion is irresistable, that the plaintiff has not ʿcomplied with the August law so as to entitle him to a lien as demanded in his complaint. And it follows necessarily that the lien of Bernheimer's mortgage is not affected by the claim of the Plaintiff.

We might have determined this action upon the authority of the decision in *Mason & Craig vs. Bailey and Gilman*, 4 *Minn.* 546, but as the Court below decided it upon the ground above stated, in which we fully concur, we have not thought it necessary to predicate our affirmance upon any other.

We think however that the Plaintiff is entitled to a judgment against the Defendant Greely for the amount found by the Judge to be due, as a part of the general relief demanded in the complaint, although such judgment is not specially asked in the complaint as amended. The party ought not to be driven to another action to recover the debt of Greely when he does not deny the facts stated in the complaint, and the amount has been fully ascertained by the finding of the Court in this action. We will therefore affirm the judgment as to the denial of a lien, and as to the Defendant Bernheimer, and remand the case as to the Defendant Greeley, with directions to enter a judgment against him, for the amount found by the Court to be due.