CHARLES P. BAILEY and JOHN M. GILMAN, Appellants, *vs.* MASON & CRAIG, Respondents.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The repeal of the lien law of 1855, by the act approved March 20, 1858, made no reservation of inchoate rights under the former act; and all liens which had not been fully perfected were virtually destroyed.

The lien of the builder or mechanic under the law of 1855, did not arise out of his contract, but depended upon the statute alone for its existence. And where a statute gives a right in its nature not vested, but remaining executory, if it does not become executed before a repeal of the law, it falls with it, and cannot thereafter be enforced. The filing of the petition or claim for lien, did not perfect it within the meaning of this rule.

From the *facts* found by the referee, it appears that between the first of May and 18th of August, 1857, *at divers times,* the Plaintiff, at the request of the Defendant Bailey, "*from time to time as the building progressed,*" performed labor and furnished materials in and about the erection of a house on lot 5, block 64, Dayton & Irvine's addition to St. Paul, to the amount of $987, said lot then being owned by said Bailey. That on the 17th of July, 1857, said Bailey mortgaged said lot to one J. M. Hall, to secure the sum of $3000; which mortgage was afterwards duly foreclosed in Court, and the premises duly sold by decree of Court, and that the Defendant Gilman now has title to said premises under and by virtue of said mortgage, decree and sale. That of the work done and materials furnished

by the Plaintiffs, $350 worth was so done and furnished before the 17th of July, 1857, (the date of the mortgage) and the balance after. That of the materials so furnished after the date of the mortgage, $200 worth was got out before the mortgage was given, but not delivered at the premises until after the date of the mortgage. That of the materials furnished after the date of the mortgage, $165 was for shingles furnished August 10th, 1857, under and by virtue of a special agreement then made between the Plaintiffs and said Bailey. That the said Bailey paid the Plaintiffs before July 17th, 1857, the sum of $250, and after said date the sum of $103.

The question is whether the Plaintiffs can have a lien upon said premises for the balance due them from Bailey, as against the mortgage, and the rights of those claiming under the same. The Plaintiffs claim a lien under the mechanics lien law of 1855.

Points and authorities of Appellants:

*First.*—We insist that the Plaintiffs can only have a lien as against the mortgage, for the balance due them for work put up and materials delivered at the premises, before the date of the mortgage, deducting payments made on account thereof before that time.

Had this work been performed and materials furnished under any express or special contract between the parties, for doing a given amount of work, or for working a given length of time, so as to make it one entire job, it is admitted that a lien would attach for the whole from the commencement of the work.

*Second.*—We claim that the lien law of 1855, by virtue of which the Plaintiffs claim, having been directly repealed by the act of 1858, without any saving clause, all rights of lien under it were in an inchoate state, as was the Plaintiff's bill, and were lost with the repeal of the act. *Dwarris on Statutes, page* 676, says: "When an act of Parliament is repealed, it must be considered except as to those transactions, *closed,* as if it never existed." *Smith's Commentaries on Statutes, pages* 890, 896.

Now the lien which the Plaintiffs claim, was created and existed only by virtue of the Statute, and unless everything

had been done required by the Statute to secure and enforce the right, it fell with the repeal of the Statute.

Section twenty of the act giving the lien provides, "That all mechanics' liens, WHICH SHALL HAVE BEEN PROVED, *shall lay as a debt,* on the land and building, etc., *and be the same as a mortgage* on the same."

In order then, for the right which the Statute gives to cease from being *inchoate* and becoming *vested,* the lien must *have been proved,"* or in other words, as is evident from the whole act, and particularly sections fifteen and sixteen, the *claim or lien must have been put into judgment. See* 29 *Barb. S. C.* 201. It has been held repeatedly in New York, that the right of redemption of land sold on execution or mortgage was an inchoate right, and that the repeal of the Statute would destroy the right. See the subject fully discussed in 1 *Hill,* 324, *Butler vs. Palmer.* In *Stephenson vs. Doe,* 8 *Black.* 508, it was held that the repeal of a Statute allowing attachment, etc., destroyed all right acquired under it, by the issuing of an attachment before its repeal. *See also* 4 *Met.* 76 ; 10 *Watts.* 351–5 ; 8 *Black.* 581 ; 5 *Black.* 195 ; 1 *Watts* 258 ; 7 *Barr.* 173 ; 1 *Watts* 282 ; 6 *Wend.* 523 ; 14 *Ill.* 334 ; 17 *Mass.* 240; 11 *Pick.* 350 ; *Evans vs. Montgomery,* 4 *Watts. & Sergt.* 218 ; 13 *Sergt. & Rawle* 133 ; 2 *Peters* 412 ; *Graton vs. U. S.* 5 *Cranch.* 280 ; *U. S. vs. Helen,* 6 *Cranch.* 203 ; *Rachel vs. U. S.* 6 *Cranch.* 329; *U. S. vs. Preston,* 3 *Peters.* 57 ; 20 *New York* 250.

Points and authorities of Respondent :

*First.*—The mechanic's lien law of 1855, *created* a lien in favor of all persons doing labor or furnishing material, under a contract express or implied, with the owner, to be used in the erection of dwelling houses or other buildings ; which lien took effect and became fixed and binding, as a lien, from the date of the commencement of the building or the " laying of stock," and all proceedings prescribed by said act, were simply for the perpetuation and enforcement of said lien. *Sess. Laws of* 1855, *p.* 59, 60 *and* 61.

*Second.*—That the lien having attached at the date of the commencement of the building, and having become a perfect,

subsisting lien before the repeal of the act which *created* it, was not discharged or in any wise affected by such repeal. *Smith's Com. Secs.* 161, 758, 759, 533, 760.

*Third.*—That when a *right is created* by statute, and becomes a perfect, determinate and subsisting right, before the repeal of the act creating it, it is to be classified as an "*executed*" or "*vested*" right, in contradistinction to an *executory* or inchoate right : and being so, is able to stand independent of the existence of the law creating it. *Smith's Com. Sec.* 765, *p.* 889, *Sec.* 772, 775, 152, 153, 154, 155, 156; *Dash vs. Van Kleeck*, 7 *John.* 500 *to* 513 ; *Opinion of C. J. Kent.*

*Fourth.*—That the repeal of the act of March 3, 1855, by the act of March 20, 1858, merely deprived the Respondent of the remedy provided by the former act, to enforce the lien which it had created ; but left the lien itself *intact :* in which condition it would have remained independent of any Statute, for one year after the completion of the work. *Act of March* 3, 1855.

*Fifth.*—That the Act of March 20, 1858, furnishes a remedy to enforce the lien created by the former act, while said lien was still in full life. *Stats. Minn. pp.* 695–6.

*Sixth.*—That the repeal of the act of March 20, 1858, by that of August 12, 1858, expressly saved the remedy provided by the former in all cases where steps have been taken to enforce liens under either of them. *Stats. Minn. p.* 699, *Sec.* 37.

*Seventh.*—That the dwelling house being in process of erection at the date of the making of the mortgage, under which the Defendant Gilman claims, was a notice to the mortgagee of the existence of this lien, as well for the work done and the material then furnished as for all that should be subsequently done and furnished, and it is not the contract between the parties, but the doing of the work and the furnishing the material, which creates the lien upon the building, and therefore it is wholly immaterial whether the contract was special or general, or when it was made. 15 *Ill.* 189, *Getty vs. Carey ;* 15 *U. S. Dig. p.* 384, *Sec.* 28.

*Eighth.*—That the premises being enhanced in value to the amount of more than double the amount of the lien claimed by the Respondents, a court of equity, even had the contract,

69

under which a part of the work was done or material furnished, been made subsequent to the date of the mortgage, would decree the payment of the claim of the Respondents, at least to the extent which their labor and means had enhanced the value of the property.

*Ninth.*—That the mortgage from Bailey to Hall having been satisfied by a sale of the mortgage premises, as appeared from the record, the question of the priority of Respondents' lien and said mortgage, cannot arise.

*Tenth.*—Any work done upon or materials furnished for a building in the course of its erection or construction has priority to a mortgage or judgment originating after the laying of stock or the commencement of the work, without reference to the date of the contract under which such work was done.

SMITH & GILMAN, Counsel for Appellant.

D. COOPER, Counsel for Respondents.

*By the Court.*—EMMETT, C. J. The Plaintiffs claim to have a lien upon the property described in the complaint, on account of work done and materials provided by them, towards the erection of a building thereon, at the request of Defendant Bailey, then the owner of said lot.

On the 26th day of August, 1857, and within the time prescribed by law, they filed in the office of the Clerk of the District Court of Ramsey County, their petition for a lien upon the property for the amount claimed to be due them, and in April following they commenced the present action. In the mean time the Legislature, by an act, approved March 20th, 1858, repealed, without reservation, the lien law of 1855, under which the Plaintiffs had proceeded; and the property has also been sold, by order of the court, to satisfy a mortgage given by Bailey, while the work was progressing. The other Defendant, Gilman, holds the title under this sale, and contests the Plaintiff's lien, on the ground principally that as it was yet in an inchoate state, it was destroyed by the unconditional repeal of the statute which created it.

Whatever may be thought of the policy of such a course on

the part of the Legislature, we are clearly of opinion that the repeal of the law of 1855, without reservation, virtually destroyed all liens which had not been fully perfected.

In the present case nothing had been done, at the time of the repeal, towards perfecting the lien, but to file a notice or petition with the Clerk of the District Court. The lien had not been proved. No judgment had been obtained, nor suit commenced. The first step only had been taken.

The lien of the mechanic, builder, or material man, upon the building and real estate, does not arise out of his contract, but depends on the Statute alone for existence. It is a preference which he may secure if he proceeds in a particular way, but if, before he has fully perfected these proceedings, the Legislature sees proper to repeal the law, he really loses nothing—he is merely unable to secure an advantage which, without the statute, he is in no wise entitled to.

The authorities to which we have been referred, fully sustain the statement laid down in *Smith's Commentaries on Statutory and Constitutional Construction*, as the doctrine of the adjudicated cases that "where a statute gives a right in its nature not vested, but remaining executory, if it does not become executed before a repeal of the law, it falls with it, and cannot therefore be enforced." This doctrine has repeatedly been applied to mechanics' liens, and even to cases of attachment, where property has actually been seized but the law repealed before judgment was perfected.

We are of opinion that the lien of the Plaintiff was not perfected at the time of the repeal of the law of 1855, and there being no reservation as to proceedings under that law, cannot now be enforced.

The judgment of the District Court in so far as it made the sum recovered a lien upon the property is reversed.