DENNIS W. C. DUNWELL, *et al.*, Plaintiffs in Error, *vs.* IRA BIDWELL, Defendant in Error.

#### ERROR TO THE DISTRICT COURT OF DAKOTA COUNTY.

The repeal of the Mechanics' Lien law of 1855, by the act of March 20, 1858, destroyed all rights depending upon the law of 1855. There was no saving clause. A had commenced work, and furnished materials on land May 18th, 1857. B took a mortgage on same land, September 10th, 1857. *Held*, that as the lien of A had not been perfected at the time of the repeal of the act of 1855, it was lost as against the mortgage of B, and that it could not be perfected under either the acts of March 20, 1858, or August 12, 1858, so as to gain precedence over the mortgage of B. *Held, further*, that the act of March 20, 1858, comprehends claims that exist at the time of its passage, but that it can only create a lien in favor of claimant as against his employer, that dates back to the commencement of the work, or the furnishing of materials, and cannot affect intervening incumbrances.

The act of August 3d, 1858, to regulate the recording of conveyances affecting real estate, only places judgment and attaching creditors on an equal footing with *bona fide* purchasers for value, as to conveyances which were made subsequent to the date of the passage of the act. All questions of equities, and questions arising under the recording acts, between a purchaser or mortgagee, whose conveyance was prior to the 3d of August, 1858, and a judgment creditor, must be tried upon the law as it was before the act of August 3d, 1858, and that a mortgage which was executed prior to that date, which misdescribed the land, could be corrected as against a judgment creditor, whose judgment was recovered subsequent to August 3d, 1858.

Dunwell et al. v. Bidwell.

The finding of the Court discloses the following facts :

That on the 18th day of May, 1857, the Plaintiff in Error, John Trower, commenced to furnish materials for, and commenced labor in erecting and constructing a dwelling house for D. W. C. Dunwell, situated on lots 7, 8, 9, 10, 11 and 12, in block 3, in Dunwell & Spencer's Addition to Brooklynd.

That said lots 7, 8, 9, 10, 11 and 12 compose the north half of block 3.

That said north half of said block 3 is separated from the south half of said block 3 by an alley, and that said north half of said block 3 is one lot of land, and was and is occu- pied in connection with said dwelling house, and does not ex- ceed in extent one acre.

That the Plaintiff in Error, John Trower, completed said work and the furnishing of said materials in the month of August, 1858.

That the said Trower filed his account for a mechanics' lien in the office of the Register of Deeds in and for Dakota Coun- ty, within one year from the time of the completion of the work.

That the said Trower commenced his action against said Dunwell to enforce his lien upon said house and said land, in the month of July, 1859.

That judgment was afterward rendered in said action, in favor of said Trower, and against said Dunwell, for the sum of $2,847 49, and also a decree was made that the aforesaid premises should be sold to satisfy the lien claimed in said ac- tion.

That said judgment was entered up and docketed in the office of the Clerk of the District Court of said county, De- cember 30th, 1859.

That on the 10th day of September, 1857, the said D. W. C. Dunwell, and Mary Dunwell, his wife, mortgaged to O. P. Chandler block 3, in the town of Brooklynd, Dakota county.

That on the 17th day of May, 1859, the said O. P. Chan- dler assigned said mortgage to the Defendant in Error.

That it was the mutual understanding of the parties to said mortgage, at the time of the execution thereof, that the same was to cover block 3 in Dunwell & Spencer's Addition to Brooklynd.

That by the error of the person drafting said mortgage, the property therein mentioned was described as block 3, in Brooklynd, and not as it ought to have been, as block 3 in Dunwell & Spencer's Addition to Brooklynd.

The Defendant in Error brought his action in the Court below, to correct and reform his mortgage, to foreclose the same, and to set aside and vacate the mechanics' lien, obtained by Plaintiff in Error, Trower.

The Court below found "that no lien existed in favor of Trower, for any work done or materials furnished prior to the 31st of August, 1858."

Trower commenced labor upon the premises upon which he obtained the lien which the Defendant in Error seeks to set aside, under the lien law of 1855, and completed it after the passage of the lien law of August 12, 1858.

Points and Authorities of Plaintiff in Error.

I.—The lien law of August 12, 1858, is retrospective in its operations.   *C. S., pp.* 696 *and* 697, *secs.* 1 *and* 7.

Section 1 of the act of August 12th, 1858, provides that any person who shall have performed, or may hereafter perform any labor or furnish any materials, &c., shall have a lien to secure the payment of the same.

Section 7 of the act of August 12th, 1858, provides that the account for a lien, when filed, "shall, from the commencement of such (labor) or the furnishing of such materials, and for two years after the completion of such labor or the furnishing of such material, operate as a lien," &c.

That the legislature intended to make the act retrospective in its operation there can be no doubt from the language used.

The words " shall have performed, or may hereafter perform labor or furnish materials," mean and refer to the time of the passage of the act, and subsequently, and comprehend labor and materials performed or furnished when the act was passed *Mason & Craig vs. Hayward*, 5 *Minn.*, 74.

In the act of August 12th, 1858, the words "shall have performed" mean and refer to the time prior to the passage of

the act; the words " may hereafter perform" mean and refer to the time subsequent to the passage of the act.

Had the Legislature intended that the act should apply only to labor performed or materials furnished after the passage of the act, that body would have used language referring to the future alone and not to the past.

II.—Section 1 of the act of March 20th, 1858, is not repealed.

The provisions of section 1 of the act of August 12th, 1858, are merely emendations thereto.

The act of August 12th, 1858, repeals those acts or parts of acts inconsistent with that act.

Section 1 of the act of March 20th, 1858, is not repealed expressly, or by direct terms.

It is not repealed by necessary implication.

To repeal a statute there must be a positive repugnancy between the provisions of the new law and the provisions of the old. *Daviess vs. Fairbanks*, 15 *Curtiss U. S. S. C. R.*, *p.* 573.

The law does not favor repeals by implication. *Haynes vs. Jacks.*, 2 *Pick.*, 172.

No part of the act of March 20th, 1858, except the second section, is repealed by the act of August 12th, 1858.

Section 1 of the act of August 12th is cumulative to section 1 of the act of March 20th.

Section 17 of the act of August 12th is cumulative to section 3 of the act of March 20th.

Section 4 of the act of March 20th remains unrepealed.

Section 5 of the act of March 20th is re-enacted by section 15 of the act of August 12th, 1858.

A body of acts ought to be held as an act, so far as they do not conflict with each other. *Daviess vs. Fairbanks*, 15 *Curtiss, U. S. S. C. R.*, *p.* 579.

The provision in the Mechanics' Lien law of March 20th, 1858, " that the lien shall take precedence of any other lien or incumbrance which shall originate subsequent to the commencement of such services, or the furnishing of such materials" is unrepealed, and is virtually re-enacted by section 7 of the act of August 12th, 1858.

III.—The operation of the act of March 20th, 1858, is retrospective.   *Mason & Craig vs. Heyward,* 5 *Minn. R., p.* 74.

IV.—The operation of the statute is the same between the mechanic and those claiming under his employer, as between the mechanic and his employer.

A judgment creditor does not come in under the debtor, "upon a new consideration, like a purchaser." 1 *Story's Eq. Jur.,* sec. 410, *p.* 1 ; *Willard's Eq. Jur., p.* 256.

A lien creditor comes in under the debtor under a new consideration.

That consideration is labor performed and materials furnished, to enhance the value of the particular property upon which the lien is claimed.

Those claiming under the employer are as much benefited by the consideration as the employer.

The mechanic or material man does not rely upon the personal responsibility of the employer, but relies upon the property improved by his services, or material, and should be treated as a *bona fide* purchaser for value.

Against *bona fide* purchasers for value a Court of Equity will grant no relief in case of mistakes in written instruments.   1 *Story's Eq. Jur.,* sec. 165.

Points and Authorities of Defendant in Error.

I.—1.   The action was brought by Bidwell, in the Court below, against Plaintiffs in Error, to cancel a mortgage on block 3 of Dunwell & Spencer's addition to Brooklynd, West Saint Paul, Dakota County, and to set aside a decree of lien on lots 7, 8, 9, 10, 11 and 12, of said block 3, obtained by Plaintiff in Error, Trower, and to foreclose said mortgage.

2.   Trower filed his lien March, 1859, and all the materials were furnished and work done prior to March 20th, 1858, under the Winona act of 1855, except $30, and was lost by the repeal of the act of 1855, by act of 1858.   *R. S.* 695, *sec.* 2, 696, *sec.* 6; 1 *Hill,* 324; 4 *Minn. R.,* 546; 5 *Minn. R.,* 74.

II.—1.   Trower filed his lien on all the lots, and does not state that the work and materials were furnished for buildings on all of the lots, nor does his lien claim state that the

lots are less or not more than one acre.  His claim does not show that he is within the statute and therefore has no lien as against Bidwell for any amount.  *R. S.* 696, *sec.* 1; 4 *Minn. R.*, 461; 4 *Minn. R.*, 20; 3 *Minn. R.*, 86; *Acts of* 1855, *p.* 58, *sec.* 9; 2 *J. C. R.*, 585.

F. M. CROSBY, Counsel for Plaintiffs in Error.

SANFORD & BEVERIDGE, and NEWELL, Counsel for Defendant in Error.

*By the Court*—FLANDRAU, J.—This action involves the construction of the Mechanics' Lien Laws of 1855 and 1858. *Comp. Stats. p.* 694-6, *&c.*  The Defendant, Trower, commenced work on the premises, May 18, 1857.  At this time the act of 1855 was in force, and gave him a lien from the time of "laying stock."  *Sec.* 9, *p.* 58-9. *Laws* 1855.  We held in the case of *Farmer's Bank vs. Winslow*, 3 *Minn. R.* 86, that the words "laying stock," meant the commencement of labor or placing materials on the premises.  Had nothing interfered, the Defendant, Trower's, lien would have dated back to the 18th of May, 1857.  On the 20th of March, 1858, an act was passed by the legislature which unconditionally repealed the act of 1855.  All right to a lien for the work or materials, was therefore taken away, and the mortgage of September 10th, 1857, became the only lien on the land.  4 *Minn. R.*, 546.  The act of March 20th, 1858, by section one, comprehends claims that were in existence at the date of its passage, and declares that they "shall be a lien on such land and building, and shall take precedence of any other lien or incumbrance which shall originate subsequent to the commencement of such services, or the furnishing of such materials."  We must begin here, as if this act of March 20, 1858, was the first that had ever been passed on the subject of liens.  It saves no right that had accrued under the act of 1855.  It could not therefore make the claim of the Defendant, Trower, take precedence of the mortgage, and the clause above quoted, making such a claim a lien with precedence over all incumbrances which originate subsequent to the com-

mencement of the work or the furnishing of such materials, must be construed to mean such incumbrances only as originate subsequent to the passage of the act. 5 *Minn. R.*, 74. In August, 1858, another lien law was passed, which by section 17, saved all liens previously filed under former acts. This saving clause could only reach such liens as had been filed under the act of March 20, 1858, because all previous liens, not perfected, had been destroyed. This act, therefore, does not give the lien of Trower precedence over the Plaintiff's mortgage. We therefore agree with the Court below on all questions in the case decided under the lien laws.

There is another question that arises under the law of August 3d, 1858. *Comp. Stat., p.* 400. The Defendant, Trower, insists that, as the act of August 3, 1858, places a judgment creditor upon the same footing as a *bona fide* purchaser for value, the mortgage cannot be corrected so as to affect his rights under the judgment of December 30, 1859. An examination of the language of the act, however, satisfies us that he is mistaken in this view. The act declares that every conveyance by deed, mortgage or otherwise, of real estate within this State *hereafter made*, shall be void as against attachments and judgments, &c. obtained before it is recorded, &c. Now this act undoubtedly does place attaching and judgment creditors upon the same equality with *bona fide* purchasers for value, but it is only as to such conveyances as are made after the passage of the act. As to all other conveyances they are governed by the law as it previously existed, and that gave an unrecorded deed or mortgage precedence over a judgment or attachment. *Greenleaf vs. Edes*, 2 *Minn. R.*, 264. This mortgage was executed September 10th, 1857, and consequently takes precedence of the Defendant, Trower's, judgment, whether recorded or not. It was recorded, in fact, but its defective execution, or rather the defect in the description of the land, left it, so far as subsequent purchasers were concerned, as if it had never been recorded. To correct the description was, in fact, to record the mortgage, for previous to that time the record would afford no notice of its having been a lien upon the land. The act of August 3, 1858, does not, therefore, change the relations of the mortgagee and the judg-

ment creditor; they must be tried upon the law as it was before that time.

A correction of this kind could always be made as against an original party, or one claiming under him in privity, or a judgment creditor. *1st Story Eq. Jurisprudence,* 165.

We see no error in the record, and the judgment must be affirmed.