Frost *v.* Ilsley.

54  345
93  226

CHARLES R. FROST & *als. versus* JOSEPH ILSLEY, *Adm'r.*

In 1855, the plaintiffs contracted with W. to furnish labor and materials for the entire woodwork of a hotel, to be paid when completed. In 1858, the work was suspended without fault of the plaintiffs. In 1862, W. agreed that he had stopped the work, that the contract was still in force, but that plaintiffs might secure their lien; whereupon an action was commenced for that purpose, during the pendency of which W. died, his estate was represented insolvent and commissioners of insolvency appointed; — *Held*,

1. That, as the statute was when the contract was made, (R. S., c. 91, § 16,) the lien might have been enforced; but,

2. That, by virtue of c. 52 of the Public Laws of 1858, the lien lapsed, in ninety days after the labor was performed and materials furnished.

The lien is no part of the contract, but a merely incidental accompaniment, deriving its vitality from positive enactment, and liable always to be controlled, modified or taken away by subsequent enactment.

It is not competent for a debtor to create upon any portion of his property a lien, which shall have precedence of all other attachments and incumbrances, by admissions that are inconsistent with actual facts.

Nor can he, by making such admissions, restore a lost lien.

ON FACTS AGREED.

ASSUMPSIT, commenced during his lifetime, against John M. Wood, (now deceased, and upon whose estate the defendant is administrator,) "for labor done and performed, and for materials furnished by the plaintiffs for said Wood, at his request, in the erection of a hotel on Middle, Silver and Willow streets, in Portland, for which labor and materials, so performed and furnished, the plaintiffs claim and have a lien upon the said building, and to enforce which lien this suit is brought," &c.

The writ is dated Sept. 9, 1862. Wood died Dec. 24, 1864, and his estate was duly represented insolvent and commissioners of insolvency appointed.

Within sixty days prior to the commencement of this suit, Charles R. Frost, one of the plaintiffs, and Wood went together to the office of plaintiffs' attorney, and then and there Wood stated that the plaintiffs had furnished large quantities of labor and materials for his hotel; that they were

furnished under a contract with him for building the hotel; that Wood owned the land on which it was built; that the contract was made in 1855 for the entire woodwork of the hotel, payment not to be legally due until the entire hotel is finished; that the hotel is not yet finished and the money not due, but that he then agreed to pay for what had been done and wished to secure the plaintiffs' lien for the labor and materials; that the work on the hotel and the contract has never been completed; but has only been suspended from time to time; that the contract is still in force, and that he considered the plaintiffs as still furnishing labor and materials up to that day; but that he then stopped, admitted the debt and liability, and wished the plaintiffs to secure their lien.

The defendant had duly filed the following motion :—

"And now said Ilsley comes and says, that the estate of said John M. Wood has been duly represented insolvent, and that commissioners of insolvency have been appointed thereon; which he is ready to verify. Wherefore he moves that no execution be issued upon the judgment in this case against the goods and estate of said John M. Wood, in the hands of him, the said Ilsley, as administrator."

The case was submitted to the full Court, with the agreement that, if the action was maintainable, the defendant to be defaulted for the amount admitted in his brief statement to be due; and the Court to determine whether, and in what form or manner execution should issue.

*J. & E. M. Rand,* for plaintiffs.

Statute law respecting mechanics' lien upon buildings, in R. S., c. 91, §§ 16, 21; Stat. 1858, c. 52; Stat. 1862, § 131.

But for the death of Wood, the question of lien could not have arisen in the suit. And, if the Court should be of opinion that it now arises, which we do not admit, it arises only upon and in reference to the question whether an execution shall issue.

Frost *v.* Ilsley.

The claim of plaintiffs is admitted in defendant's brief statement, and they are entitled to a judgment for the amount admitted; such judgment either to be added to the list of claims or to be enforced as a lien.

The plaintiffs clearly have a lien upon Wood's interest in the building and the land on which it stands. What that interest was, what is to be levied upon, it is not necessary now to determine. But, whatever interest Wood had at the time the labor and materials were furnished, at the time of the commencement of the work, the plaintiffs have a lien upon for the pay.

The facts admitted and stated by Wood, as set forth in the agreed statement, are all that the statute requires to create the lien; and the legal proceedings to enforce the lien will be found to be in accordance with the provisions of the statute.

The labor and materials for erecting the builing were furnished by plaintiffs, under a contract with the owner, and this gave plaintiffs a lien on the building and on the owner's interest in the land.

A suit to enforce the lien was commenced within 90 days after the labor and materials were furnished, and within 90 days after payment became due. The writ, &c., are in conformity to the statute of 1862.

Should it be said by the defendant, that the labor and materials were not furnished within 90 days prior to the commencement of the suit, as required by the statute of 1858, it may be replied that Wood's statement shows that they were furnished within that time. And, if they had not been, the contract was made in 1855, under the law as it then was, and the statute of 1858 cannot have any effect upon contracts previously made.

We claim that plaintiffs have a lien and are entitled, not only to a judgment, but to an execution running against Wood's interest in the building and the land on which it stands. *Felton* v. *Minot*, 7 Allen, 412.

*Davis & Drummond,* for the defendant.

BARROWS, J. — John M. Wood, the original defendant in this action, is dead, and his estate has been duly represented insolvent, and commissioners of insolvency have been appointed to examine the claims against the estate.

The case may, notwithstanding this, proceed to *judgment*, at all events, under R. S., § 17, c. 66; and as it is admitted, by the administrator, that a certain sum was due from Wood to the plaintiffs, and the plaintiffs claim to recover no more than that amount, judgment is to be rendered for the plaintiffs as upon a default, for the sum thus agreed upon.

It is to be determined under the agreed statement whether this judgment shall be enforced by execution as contemplated in R. S., § 21, c. 91, notwithstanding the acknowledged fact that the debtor is deceased and his estate represented insolvent.

If there is no valid lien secured by the proceedings here, in favor of the plaintiffs, they must proceed upon the rendition of judgment in the manner prescribed in R. S., § 17, c. 66, — that is to say, the judgment is rendered with the effect and satisfied in the manner provided in cases of appeal from the decision of commissioners of insolvency; no execution, except for costs, shall issue, and the amount of the judgment for the debt is to be entered by the Judge of Probate on the list of contingent debts entitled to dividends.

Unless the claim presented is a preferred, or a lien claim, the issuing of an execution in a case like the present would be contrary to law. It seems to follow that the question of lien or no lien, *must*, in such case, be settled in the suit in which the lien is claimed and alleged.

The whole duty of the administrator as to pending suits is not performed when he has represented the estate insolvent and procured the appointment of commissioners in the Probate Court. He is bound to appear, when summoned into the common law court, in order to make the representation of insolvency appear on the record *there*, either by plea or by motion for the stay of execution; and if he neglects this, and execution is regularly issued in due course,

a levy under it, upon the property of the deceased, would be sustained, and the administrator held personally liable for waste. *Ramsdell* v. *Creasey*, 10 Mass., 170; *Sturgis* v. *Reed, Adm'r*, 2 Maine, 109.

In *Ballard* v. *Dame, Adm'r*, 7 Pick., 239, the administrator filed a plea admitting the note sued to be due, but setting out the proceedings in insolvency in the Probate Court, and praying that no execution might issue against the estate of the intestate in his hands, but that judgment, if rendered for the plaintiff, might be rendered as against an insolvent estate. PARKER, C. J., in delivering the opinion of the Court, says, — "The plea shows sufficient cause to prevent execution, &c., though judgment is to be entered for the plaintiff, the cause of action being admitted by the plea."

If, in such case, the facts, upon which the existence of the lien depends, are in dispute, a special verdict in relation thereto must be taken, and execution awarded or withheld in conformity therewith.

Under § 21, c. 91 of the R. S., the plaintiffs are entitled to execution as well as judgment, if it appears that they have taken the necessary steps to perfect a valid existing lien. By § 2, c. 131, laws of 1862, it is provided that, "in all cases where the house or building, or the logs or lumber on which the labor was performed, have been or shall be attached, the proceedings shall be deemed sufficient to effectuate the lien, if the writ, officer's return of attachment, and the judgment recovered in the suit are, or shall be in the usual and common forms of the common law, as heretofore understood and practised in all other actions of assumpsit, the declaration disclosing that the suit is brought to enforce the lien."

It is unnecessary to consider the various objections urged by the defendant to the validity and sufficiency of the attachment in this case, for we are satisfied that when this suit was commenced, there was no valid subsisting lien

which the plaintiffs could have enforced by any proceedings, however precise and formal.

The plaintiffs' claim is for labor and materials furnished in the erection of a hotel under a contract made in 1855 with John M. Wood, and by the dates in their own bill of particulars, filed April term, 1866, it appears to be settled beyond controversy that this labor and these materials had all been furnished in or prior to January, 1858. By the terms of the contract, payment was not to be considered as due until the completion of the hotel, which remained unfinished at the time of the conversation between one of the plaintiffs and Wood, in 1862, shortly before the commencement of the action. This conversation is relied upon by the plaintiffs to establish the claim of lien. It seems to have been held purposely to afford evidence of the existence of such lien. In it Wood waived the stipulation in his favor, as to time of payment. Considering the long lapse of time during which the hotel had remained unfinished, without fault on the part of the plaintiffs, so far as appears, we might hold that the original contractor could lawfully waive this provision and consent to immediate proceedings for the enforcement of the lien, without thereby defeating it, and that .the lien would still attach to the contract, as thus modified and varied by the original parties to it, if the law, by force of which the lien existed, had remained as it was when the contract was entered into. By the law, as it then stood, the lien continued for ninety days after payment became due, according to the terms of the contract, and might be enforced by attachment within that time, no matter how distant the payday agreed on. But warned by the frequent controversies which arose between lien claimants and subsequent *bona fide* purchasers, ignorant of the incumbrances thus created, the Legislature in 1858, added to the section creating the lien the following proviso : "but such lien shall not continue more than ninety days after such labor is performed or materials furnished, unless an attachment is made, or a memorandum of the contract recorded in the manner provided by law for record-

Frost *v.* Ilsley.

ing mortgages of personal property, within that time." Laws of 1858, c. 52.

It is claimed in behalf of the plaintiffs that this proviso ought not to be suffered to affect a lien arising upon a contract which was made previous to its enactment. But the statute in terms covers existing liens as well as those thereafter to arise. The lien is the creature of the statute. It is no part of the contract, but a merely incidental accompaniment, deriving its validity only from positive enactment and liable always to be controlled, modified or taken away by subsequent enactment, and such modification or removal cannot be considered as in any degree impairing the obligation of the contract itself. The lien is but a means of enforcing the contract, a remedy given by law, and like all matters pertaining to the remedy, and not to the essence of the contract, until perfected by proceedings whereby rights in the property over which the lien is claimed have become vested, it is entirely within the control of the lawmaking power, in whose edict it originated. *Bangor* v. *Goding*, 35 Maine, 73 ; *Gray* v. *Carleton*, 35 Maine, 481.

Again, it is said on the part of the plaintiffs, that there is evidence in Wood's statement that the labor and materials were furnished within ninety days before the commencement of the action and the attachment.

But it is not competent for a debtor to create upon any portion of his property a lien which shall have precedence of all other attachments and incumbrances, made after the lien attached, and shall even, in case of the insolvency of the debtor's estate, have the effect to sequester a portion of his property for the payment of a particular creditor, by admissions that are manifestly inconsistent with actually existing facts. Nor can the debtor, by making such admissions, restore a lost lien. No memorandum of the contract appears to have been recorded, as the law of 1858 requires. The plaintiffs' own bill of particulars shows the labor and materials to have been actually furnished more than four years before the commencement of the suit. And Wood's

statement that he "considered" plaintiffs as still furnishing labor and materials, up to the time of the conversation, equivocal in itself, shows nothing but his willingness to concede to them a lien which had in law and in fact long ceased to exist, and which it was not in his power then to renew.

*Defendant defaulted for amount agreed upon.*

*Judgment as against an insolvent estate.*

*No execution to issue except for costs.*

APPLETON, C. J., KENT, WALTON, DANFORTH and TAPLEY, JJ., concurred.