John A. Templeton *et al.*

*v.*

William S. Horne.

1. Impairing obligation of contract—*changing remedy.* Remedies which the law affords to enforce contracts constitute no part of the contracts themselves, and any mere change thereof by the legislature that does not amount to a deprivation of all effectual remedy, is in no just sense impairing the obligation of the contracts.

2. Same—*redemption from sale—as to prior contracts.* Where a contract, under which parties became entitled to enforce a mechanic's lien, was made, and proceedings to establish the lien were instituted, but no decree pronounced before the act of 1869 allowing redemption from sales under such proceedings was in force, and after that act took effect a decree was rendered declaring the lien, and ordering a sale of the property, the decree properly conformed to the provisions of that act, and provided for a redemption from any sale made thereunder.

Appeal from the Circuit Court of Warren county; the Hon. Arthur A. Smith, Judge, presiding.

Mr. John J. Glenn, for the appellants.

Messrs. Marshall & Street, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

Both parties claim to own the title to the premises in controversy that was in the Mechanic's Manufacturing Company. The title which defendants insist is paramount, is derived through a sale under a trust deed executed by that company, and also under a master's sale on a decree establishing a mechanic's lien against the manufacturing company, in favor of certain creditors, and which were declared to be prior liens to the trust deed. On the other hand, the title plaintiff is seeking to maintain comes to him under a sheriff's sale of the premises on executions in favor of judgment creditors of the manufacturing company, who had caused their executions to be levied upon the property, and had redeemed it from the sale under the mechanic's lien decree.

The contracts made by the mechanics and material-men with the manufacturing company were made before the act of 1869, allowing redemption from sales under such decrees, was in force. Proceedings to establish their respective liens had been instituted, but no decree was pronounced until after that act took effect. The decree then made allowed redemption of the property sold according to the provisions of the statute. That portion of the decree, it is now assumed, was invalid, and the reason assigned is, that it impairs the obligation of the contracts made with the manufacturing company by the several mechanics and material-men.

The parties whose rights it is insisted are affected are not before this court complaining that the obligation of their contracts with the manufacturing company has been impaired by any action of the legislature, and it seems illogical that defendants can avail of that which most materially affects others. The purchaser at that sale knew he was buying the property subject to redemption, and we are at a loss to understand what right he has to complain. He gets all he bought, and, in justice, he can claim no more. His title, whatever it is, was obtained under that decree, and it would seem he ought to be estopped to deny it was valid.

But leaving out of view this consideration, we do not think the position taken can be maintained. No doubt the law of 1869, if it had the effect to impair the obligation of contracts previously made, to that extent would be inoperative and void. But no such results flow from it. All it does, is simply to change the mode by which the lien given by statute for enforcing performance of the contract is to be established. Other remedies of which the parties might have availed were not changed. Contracts previously made were in nowise affected. Their terms were neither enlarged nor abridged. The lien given the mechanic is purely statutory, and does not arise out of any contract. Remedies which the law affords to enforce contracts constitute no part of the contracts themselves. This principle is put at rest, in this State at least, by the former decisions of this court, and need not now be dis-

cussed as a new question.   *Williams* v. *Waldo*, 3 Scam. 264; *Smith* v. *Bryan*, 34 Ill. 364.

Our understanding is, all remedies for enforcing contracts and obligations are within the control of the legislature, and any mere change that does not amount to a deprivation of all efficient remedy, is in no just sense impairing the obligation of contracts. As we have seen, the lien given by the statute to mechanics and material-men is but a cumulative remedy to enforce their respective contracts, and is as much within legislative control as any other remedy afforded by law. Independently of the lien given by statute, such creditors may enforce their contracts in any appropriate common law action. Other courts of the highest authority have taken the same view of the law with our own on this subject. *Hall* v. *Brente*, 20 Ind. 304; *Frost* v. *Illsly*, 54 Maine, 345; *Martin* v. *Hewitt*, 44 Ala. 418.

Holding, as we do, the decree declaring the mechanic's lien was correct in providing the property be sold with the privilege of redemption under the act of 1869 then in force, it is conclusive of the whole case, and other points suggested need not be discussed.

The judgment will be affirmed.

*Judgment affirmed.*