JOHN S. HANES & CO. (A CORPORATION) v. EDWIN WADEY AND NEVILLE C. MEIER.

*Mechanic's lien—Constitutional law—Vested rights.*

1. The exception to the repealing clause of Act No. 270, Laws of 1887, relative to mechanic's liens, saved only existing liens, in which notice had been filed, or proceedings for their enforcement taken, before the act took effect.

2. The lien given by the statute (mechanic's lien law) is no part of the contract, but a means for enforcing the payment of the debt arising from its performance, and, being a remedy given by law, not of the essence of the contract, is not a vested right, but entirely within the power of the Legislature, which gave it life.

Error to Wayne.   (Reilly, J.)   Argued October 18, 1888.   Decided January 11, 1889.

Proceedings under mechanic's lien law.   Plaintiffs bring error.   Affirmed:   The facts are stated in the opinion.

*H. E. Spaulding,* for appellants.

*Willis G. Clarke,* for defendant Meier.

MORSE, J.    The plaintiffs furnished lumber to the defendant Wadey, who had contracted to build two houses upon contiguous lots for the defendant Meier.    All the lumber was furnished before September 17, 1887, excepting one bill, of $39.30, which was delivered October 6, 1887.

The plaintiffs undertook to enforce a statutory lien for the value of the lumber in the circuit court for the county of Wayne, under and by virtue of Act No. 270, Laws of 1887.    The court found that only the last item came under the act of 1887, which took effect September 28, 1887, and directed a verdict for the plaintiffs in the said sum of $39.30, and gave the defendants full costs.    The plaintiffs come to this Court on error.

Their counsel admits that only $39.30 of the lumber was furnished after the act of 1887 took effect, but claims that the plaintiffs obtained a lien for the balance under the statutes in force when the same was delivered to the contractor; that the lien under the two laws is substantially the same, the difference being in the procedure for enforcement; that the lien of the plaintiffs became vested under the law of 1885 at the time when the lumber was furnished; and, *first,* that this vested lien was not intended to be taken away by the statute of 1887; and, *second,* that the Legislature could not so take it away if they intended to do so.    It is admitted that at the date of the going into effect of the law of 1887 no steps whatever had been taken to fix or enforce any lien, and the first notice was filed October 28, 1887.

The act of 1887 contained a repealing clause, as follows:

"Act 258 of the Session Laws of 1879, relative to mechanics' liens, and all acts amendatory thereof, and all

laws inconsistent with the provisions of this act, are
hereby repealed, except as to *proceedings now pending,*
which shall be concluded in the same manner as though
this act had not been passed."

The statute of 1885 is amendatory of sections 8377 to
and including 8381 of Howell's Statutes, which sections
are a part of the statute of 1879. It needs no argument
to show that the exception to the repealing clause, as it
reads, declares the intent of the Legislature to save only
such liens, then existing, in which notice had been filed,
or proceedings for enforcement taken, before September
28, 1887, the day the law took effect. The special excep-
tion shows clearly the legislative intent to save nothing
else. This is a well-known rule of statutory construc-
tion. It will also be noted that the law of 1885 pro-
vided for the enforcement of the lien in chancery, and
such method of enforcement is retained by this saving
clause in all proceedings pending at the time, while the
lien under the act of 1887 is to be enforced in a suit at
law.

Nor can it be claimed that the plaintiffs acquired a
vested right under the law of 1885. The lien is bestowed,
not to create a debt or charge, but to create a remedy,—
a means to collect a debt. This remedy, that the Legis-
lature has created in derogation of the common law, it
can take away, and no one can have a vested right to
any particular remedy.

The counsel for the appellants cites some cases which
sustain his claim that the lien of his clients became
vested as soon as the materials were furnished, and could
not thereafter be destroyed by the Legislature without
impairing the obligation of the contract under which the
defendant received and the plaintiffs furnished the lum-
ber. The most notable case is that of *Weaver v. Sells,* 10
Kan. 609. But the weight of authority is decidedly against

this claim. The lien given by statute is no part of the contract. Without the statute creating the lien, the debtor was bound to pay the creditor the same as he would be with the lien. He had before this the common-law remedies to enforce the collection of his debt. The statute giving him a lien does not take away any remedy under the common law, but adds another, by fixing a lien upon the premises in case he sees fit to enforce it. This lien does not grow out of the contract, but depends entirely upon the statute for its existence. It derives its validity from positive enactment of the Legislature, and is liable always to be modified, altered, or repealed by the same power that created it. If it is true, one may contract to furnish the materials in view of the law as it exists at the time, but he furnishes the same, nevertheless, with notice that the law is subject to the will and control of the Legislature. The lien is but a means for enforcing the payment of the debt arising from the performance of the contract,—a remedy given by law, which remedy, not being of the essence of the contract, is entirely within the control of the law-making power by whose authority it was given life. The right to a particular remedy is not a vested right. Cooley, Const. Lim. (5th ed.) 443; *Rockwell v. Hubbell's Adm'rs,* 2 Doug. 197, 203; *Woodbury v. Grimes,* 1 Colo. 100; *Bailey v. Mason,* 4 Minn. 546; *Templeton v. Horne,* 82 Ill. 491; *Watson v. Railroad Co.,* 47 N. Y. 157; *Frost v. Ilsley,* 54 Me. 345; *Hall v. Bunte,* 20 Ind. 304; *Martin v. Hewitt,* 44 Ala. 418, 435.

As the defendants did not appeal, it is not necessary that we should examine the claim made by their counsel that the lien is not enforceable against one lot alone, because of the materials furnished being used indiscriminately in the buildings on both lots, and no separate account being kept, or ascertainable, of the amount going into either one of the buildings.

The judgment must be affirmed, with costs of this Court to defendants.

The other Justices concurred.