ORMAN ET AL. v. THE CRYSTAL RIVER RAILWAY COMPANY ET AL.

**1. APPEAL IN MECHANIC'S LIEN CASES.**

When a lien claimant brings his suit and it is afterwards under the statute consolidated with other actions for the purpose of final adjudication, and upon demurrer to the complaint by the principal defendant, his action is dismissed, he has an immediate right of appeal.

**2. MECHANIC'S LIEN—LEGISLATIVE POWER.**

So long as what the lawmaking body may do does not deprive the lien claimant of the means to enforce the lien which he has partially or wholly acquired under the preceding act, their legislation is not open to question. So far as concerns the remedy for the redress of wrongs of this description the legislature is clothed with full power.

**3. MECHANIC'S LIEN—STATUTORY CONSTRUCTION.**

Plaintiffs under a contract commenced work on Sept. 3, 1892, and prosecuted the same continuously until Aug. 15, 1893, when the same was completed. The only default in payment was that which was due and payable Aug. 15, 1893. *Held*, the lien should have been filed under the provisions of the act of 1893, and the suit to foreclose begun within the time limited by that act.

**4. SAME.**

The right to enforce a mechanic's lien is lost by failure to commence suit within the time limited by the statute.

*Appeal from the District Court of Pitkin County.*

Messrs. WALDRON & DEVINE, for appellants.

Mr. DAVID C. BEAMAN, Mr. CHAS. H. TOLL, Mr. J. S. MOSBY, JR., and Mr. H. L. McLEAN, for appellees.

BISSELL, P. J., delivered the opinion of the court.

Orman & Crook contracted with The Crystal River Railroad Company, in September, 1892, to construct certain parts of the road. When the work was done, there remained due a little upwards of thirty thousand dollars out of the total contract price of some two hundred and sixty-eight thousand dollars which the company had agreed to pay. The company failed to pay, and on the 4th of October, 1893, the contractors filed a lien statement with the clerk and recorder of the counties through which the road ran. On the 9th of March, 1894, they brought this suit to enforce the lien. They named the railroad company and divers other parties as defendants, alleging, as to the company, the contract and its breach, and as to the other defendants, that they had or claimed some interest as lien claimants against the railroad company. These other defendants—The Morey Mercantile Company and Jones & Seeley—likewise brought suits in the Pitkin county district court to enforce the liens which they had initiated. After these three different suits were begun, the court made an order consolidating the cases. The railroad company demurred to Orman & Crook's complaint, on the ground that Orman & Crook had not shown they were lien claimants having the right of foreclosure. There were a good many irregularities in the proceedings below, and some which inhere in the judgment; but by stipulation the litigants have relieved us of the necessity to dispose of these matters, and the right to determine the sufficiency of the complaint is left open. It is not essential to our conclusion, nor to its apprehension, to do more than state what the allegations are with reference to two or three of the essential facts. The plaintiffs alleged that pursuant to the contract,

they constructed the grade and roadbed between two dates, the 3d of September, 1892, and the 15th of August, 1893. They farther stated that, according to the terms of the contract, the sum which they sought to recover became due and payable on the 15th day of August, 1893, and thereafter remained unpaid. In another portion of the pleading, they averred they begun the work and commenced to furnish the materials in September and October, 1892, and thereafter continuously prosecuted the work of constructing the road and roadbed until the 15th day of August, 1893. These are the only particulars which must be stated. In other respects the pleading is probably sufficient to compel an issue of fact, and to entitle the plaintiffs to a trial. Notwithstanding these facts, the contractors did not file their statement of lien until October, nor institute their suit for foreclosure until the following March. Unless, under these circumstances, the plaintiffs have the right to foreclose their lien, they were not entitled to anything but a money judgment against the company for whatever sum they might prove to · be due. For many years there have been lien statutes in this state. It is conceded that, under the statutes in force prior to 1893, what the contractors did was enough to give them a lien, if otherwise they could prove their case, and under those acts they commenced their suit in apt time to entitle them to proceed to judgment. The appellee, however, insists that the lien law which was approved April 3, 1893, and went into effect on the 2d day of, July, 1893, was not observed by the contractors. The act of 1893 differs from the former statute in respect to the time in which the liens must be filed, and to the time for the commencement of the suit to enforce it. Under the complaint, we must assume the lien was filed in apt time, even under the act of 1893, because that pleading charges the work to have been continuously prosecuted up to the 15th of August, and to have been finished on that day, when the money earned became due. This matter then will not be considered. The troublesome question springs from the

date when the suit was begun. Under the former statute, foreclosure proceedings could be instituted at any time within six months after the lien was filed, but under the act of 1893, certain other things must precede the commencement of the suit, and the action itself must be begun within four months after the completion of the work. There is one other consideration which must be noticed before proceeding to state the general proposition on which the case turns. The act of 1893 contained a proviso that the repeal of the antecedent acts should not be construed to affect any existing right as to remedy or otherwise, or to abate any suit which might have been instituted to enforce a lien acquired under the preceding enactments.

After the several suits were consolidated, the demurrer was heard, and the court dismissed the complaint. Orman & Crook prosecute this appeal from that judgment. Prior to the argument, the appellees moved to dismiss the appeal on the ground that the judgment was not final. We declined to dismiss it, but left the question open for discussion on the hearing, and it has been argued. This brief statement serves to indicate very clearly the only two questions which remain to be determined. Disposing of them in their inverse order, we conclude that the right of appeal inured to Orman & Crook when the court entered judgment on the demurrer. We should undoubtedly be somewhat embarrassed by the judgment entry, interpreted by the aid of the stipulation which the parties have filed, but they have agreed that the court shall disregard it when considering the motion. The naked question is thus presented whether, when a lien claimant brings his suit, and it is afterwards under the statute consolidated with other actions for the purposes of a final adjudication, and the principal defendant files a demurrer to the complaint, which is held well laid, and the action is dismissed with costs, there comes to him a right of appeal. It has many times been decided that a final judgment must precede an appeal. This whole question was considered in the case of *Hagerman v. Moore*, 2 Colo. App. 83. This decision, how-

ever, does not at all conflict with our present conclusion. That was a suit brought against several parties who were alleged to be jointly interested. The court dismissed as to one of the tenants in common for the failure to prosecute, leaving the case to stand undetermined as to the other parties. It was concluded, with reference to that order of dismissal, there was no such final determination of the suit between the parties as to give the right of appeal. There is a broad distinction between that case and the present. In this suit the railroad company was the only defendant against whom a money judgment was asked. The other lien claimants having begun their independent suits were brought into the case by the order of consolidation. The only substantial question between them and Orman & Crook was as to priority of lien. In all material particulars the suit was an independent one between Orman & Crook and the railroad company. If Orman & Crook were without a lien, none of the other claimants who had began their suits were interested in the result of the action. When the court dismissed Orman & Crook's complaint, their suit was disposed of and determined. The judgment was final as between Orman & Crook and the railroad company, and it was clearly a final judgment, according to the definition of that term to be deduced from the various text-books and decisions. We are aware this question has been otherwise decided, and it has sometimes been concluded, even in a case of this sort, that the party who has been sent out of court must wait the ultimate determination of the claims of all the litigants, and possibly see the money resulting from the sale of the property distributed and lost before his right to appeal springs up. We do not think this accords with the decision of our supreme court, nor with the general rule which ought to prevail in such cases. The supreme court has decided in case of an intervention, when judgment has resulted against the intervener, he may bring his case up, notwithstanding there has been no final judgment in the main case. *Henry v. Travelers' Insurance Co. et al.*, 16 Colo. 179.

VOL. V—32

This rule likewise harmonizes with the proceedings in other cases of a somewhat analogous character. In prize matters, where there are various claimants to a distributive share of the proceeds, the supreme court of the United States has always held that wherever judgment is rendered against one libeler, disposing of his claim adversely to the contention, there immediately comes to him the right to obtain a review of the judgment. The same rule prevails in equity suits where a cross bill has been disposed of by a final judgment, even though the main controversy remains undetermined. *Withenbury v. United States*, 5 Wall. 819; *Nichol v. Dunn et al.*, 25 Ark. 129; *Kiefer v. Kiefer*, 4 Colo. App. 506; Black on Judgments, sec. 21. We conclude the appeal should not be dismissed.

This leaves the main inquiry whether Orman & Crook began their suit in apt time to enforce their lien. According to the averments of the complaint, the work was not completed until the 15th of August, nor was the money due from the railroad company until the work was done. We regard this as a controlling circumstance in the determination of the question. The whole difficulty seems to spring from the discussion, which has occurred in many cases, concerning the time at which the lien is sometimes said to accrue, and respecting the application of the doctrine of relation as between different lien claimants and creditors of the defendant. It is pretty universally conceded that under most of the statutes, if the claimant establishes his right to a lien, it will be held to relate back to the time at which he begun his work. This rule however has nothing to do with the remedy which the statutes give. A failure to observe this distinction has led to a little discrepancy in the decisions on this subject. Nearly all of them agree that several things must concur to originate a lien. With the contract we have no concern; but we must consider the performance of the work and the failure of the other party to pay the sum due the contractor under his convention. It is manifest Orman & Crook could have had no right to a lien before they finished their work, unless there

was something in the contract which entitled them to ante-
cedent payments, which had not been made according to the
agreement.   Whether this would give them a right we need
not weigh, because it is not involved.   The railroad company
appear to have met all their engagements maturing prior to
the time the work was completed, to wit, August 15, 1893.

The plaintiffs aver the work was continuously prosecuted
until that time, and on that date the sum of about thirty-one
thousand dollars became due.   Under these circumstances,
we must conclude the parties were not entitled to file a lien
as against the property until after August 15th.   This leaves
the question whether the repeal of one lien statute and the
reënactment of another containing provisions for the enforce-
ment of lien rights in any wise affects the remedy given to
the lien claimants.   It is insisted that the saving clause pre-
serves to the contractors the right to proceed under either
statute.   They concede, for it cannot well be disputed, that
so far as concerns the remedy given for the redress of wrongs
of this description, the legislature is clothed with full power.
So long as what the lawmaking body may do does not de-
prive the claimant of the means to enforce the lien which he
has partially or wholly acquired under the preceding act,
their legislation is not open to question.   It is quite possible,
if the work had been finished prior to the time the act of
1893 went into operation, and a right of action had accrued
thereunder, a different question would have been presented.
The present record does not raise it in this aspect.   Regard-
less of the importance of the doctrine of relation as between
conflicting claimants, which might become important here if
Orman & Crook had succeeded in establishing their lien, it
is manifest that, as between them and the railroad company,
their right to the lien did not arise until the railroad company
had defaulted in their payments.   The plaintiffs charge that
no such default was made until the 15th of August, when
the sum for which they bring this action fell due.   Under
these circumstances, we conclude the lien should have been
filed under the provisions of the act of 1893, and the suit

begun within the time limited by that act.  *Hanes & Co. v. Wadey*, 73 Mich. 178; *Templeton et al. v. Horne*, 82 Ill. 491; *Barton v. Steinmetz*, 37 Ill. App. 141; *Bardwell et al. v. Mann et al.*, 46 Minn. 285; *Tell et al. v. Woodruff*, 47 N. W. Rep. 262; *Garland v. Irrigation Co.*, 9 Utah, 350; *Weaver et al. v. Sells*, 10 Kan. 609.

The statement shows the appellants failed to commence their suit in apt time, and it must therefore be adjudged that they lost the right to enforce their lien.

According to the stipulation which the parties have filed in this court, the judgment of the court below must be reversed at the cost of Orman & Crook, and the case sent back, with directions to the court below to permit them to prosecute their suit to judgment for whatever sum they may establish to be due from the railroad company.

*Reversed.*