## WATERS *v.* DIXIE LUMBER & MANUFACTURING CO.

When the lien of a materialman has, under the terms of the statute, become fixed and secured, such lien is then a vested right; and no subsequent repeal or modification of the act under which it became fixed can destroy or modify such right.

Argued December 16, 1898. — Decided March 4, 1899.

Foreclosure of lien. · Before Judge Reid. City court of Atlanta.    May term, 1898.

*Mayson & Hill*, for plaintiff in error.
*J. F. Daniel* and *Rosser & Carter*, contra.

LITTLE, J.    The Dixie Lumber & Manufacturing Company, on August 11, 1896, filed its petition against Cochran and Waters, alleging that it had furnished and delivered to Cochran, who had contracted to build a house for Waters, a bill of lumber and other building material to the amount of $585.08, which was delivered on the land of Waters and was used in building the house and improving said land, giving the location of it; that the material was furnished August 12, 1895; that it had duly filed and had recorded a materialman's lien on the property; that it had taken no other security for the debt; that within the prescribed time it had served Waters with written notice, as required by the statute, of the claim of lien and filing the same.    It alleges that this suit is brought to enforce such lien within twelve months from the completion of the contract.    It prays a general judgment against Cochran for $141.79, with interest, and that its lien be set up by judgment against the property improved for the amount allowed by law. To the petition was attached copy of the notice served upon Waters on August 26, 1895.    There was also attached copy of the record of the claim of lien filed August 26, 1895, and an itemized bill of the material furnished.    By amendment the

plaintiff alleged that the contract price for building the house for Waters by Cochran was $1,800.    Defendant Waters excepted to the charge of the court given in the following language:  "Now the plaintiff contends as against Waters, that, this material was used in the improvement of the premises described in the declaration, and that the premises were the property of Waters, and that the amount sued for is within the twenty-five per cent. which it alleges the owner Waters is liable to pay.    If this is true and the plaintiff has established its lien, it would have a right to assert its lien against Waters for the amount sued for."    The basis of the exception is, that the law given in charge had been repealed and another remedy enacted, and plaintiff could only enforce his claim according to the remedy allowed by the law at the time of the trial.    An exception to another part of the charge was made, based on the same ground.    The verdict was against Cochran for $141.79, with interest and costs, and that a special lien to this amount should exist on the real estate of Waters.

The single question made by the record is, whether the lien of materialmen must be enforced against the real estate of the owner under the terms of the statute as it existed at the  time the lumber and material were furnished, or under the provisions of the amending statute which was in force at the time of the trial.    According to the petition, the provisions of the act of 1893 were in force at the time the lumber and material were furnished.    This act provides that the lien of materialmen shall attach upon the real estate improved, as against the true owner, for twenty-five per cent. of the contract price of the material furnished for the improvement of the real estate.    Acts 1893, p. 34.    By the provisions of the act approved  Dec. 16, 1895, which was amendatory of the act of 1893, the lien should attach upon the real estate as against the owner to the extent of not more than twenty-five per cent. of the contract price agreed to be paid by the owner to the contractor.    By the act approved Dec. 18, 1897, which was in force at the time of the trial, it was provided that the lien should not attach for a sum greater than the balance that the owner might be indebted to the person having the contract at the time of the service of the

notice. The provisions of these various acts being different, the plaintiff in error contends that the statute creating a lien in favor of materialmen is remedial in its nature; that no rights by such statute become vested in the person furnishing the materials for the improvement of real estate; that subsequent statutes changing the lien are operative on liens acquired prior to their passage, and the rights of materialmen are, therefore, to be decided by the provisions of the statute in force at the time of the trial. The question, therefore, to be considered is, whether the provisions which create liens in favor of one who furnishes material for the improvement of real estate are statutes which affect the remedy alone and may therefore be retrospective, or whether they vest rights which can not be affected by a subsequent change in the statute. The question is one not without difficulty, and we find many adjudicated cases which make contrary rulings. In general terms, the lien of a materialman for furnishing lumber and other articles which enter into the construction of houses or other improvements made upon land, is a claim created by statute for the purpose of securing priority of payment for the price of the material furnished in erecting such houses or in making other improvement on the land. It has been said to be a peculiar, particular, and special remedy given by statute, founded and circumscribed by the terms of its own creation. 67 Ala. 594.

Jones, in his work on Liens (vol. 1, § 107), citing the case of Frost *v.* Ilsley, 54 Me. 345, says: "A lien created by statute may be taken away or modified by a subsequent statute. . . The lien is but a means of enforcing the contract, a remedy given by law; and, like all matters pertaining to the remedy and not to the essence of the contract, until perfected by proceedings whereby rights in the property over which the lien is claimed have become vested, it is entirely within the control of the lawmaking power in whose edict it originated." The author also cites a number of cases to be found in note on page 73, to support the doctrine that the repeal of the statutory lien defeats the lien remedy, although at the time of the repeal the proceedings prescribed by the statute for enforcing the lien

had been instituted and were pending in court. The same author, in section 109, concedes that other courts have held that liens which have become fixed under the statutes creating them can not be taken away by repealing the statutes, and that if the lien arises directly upon the performing of labor, or the doing of any other act, the lien can not be defeated by subsequent repeal; that if the lien arises upon the taking of some preliminary step to enforce it, then the lien can not be defeated after such step has been taken. 2 Black, 448; 12 Wis. 67; 11 Abb. Pr. N. S. 326; 30 Ark. 560. In reference to mechanics' liens, a number of courts of last resort have ruled to the effect that, after a lien has once become fixed and secured, it becomes a vested right, and it is not within the power of the legislature to destroy the right by the repeal of the statute under which it accrued. 1 Sawyer, 710; 2 Wall. 450; 8 Nev. 219; 10 Kan. 609; 107 Ind. 417; 1 Ore. 183; 12 Wis. 67; 36 Mo. 610. The Texas Court of Appeals, in the case of Handel v. Elliott, 60 Tex. 145, ruled that the lien of a mechanic becomes a part of the obligation of the contract which the legislature can not impair. And Wade on Retrospective Law, § 173, lays down the rule to be, that from the time the material is furnished or labor performed the right to the lien is a part of the obligation of the contract which is protected in the same way that the laws protect corporeal property. Per contra, Boisot on Mechanics' Liens, § 33, says that "the better reason and an equal weight of authority sustain the doctrine that the lien pertains merely to the remedy, and may therefore be taken away by the legislature that created it." And to support this doctrine he cites 1 Colo. 100; 35 Me. 73; Frost v. Ilsley, 54 Me. 345; 73 Mich. 178; 4 Minn. 546; 82 Ill. 491; 1 E. D. Smith (N. Y.), 695; 8 Minn. 34.

Even if it be held that the lien given to mechanics or materialmen who do the work or furnish the material for the erection of valuable improvements on land is a remedy for the enforcement of the contract, we think the better rule for the construction of such a remedy is that laid down by the Supreme Court of the United States in the case of Gunn v. Barry, 82 U. S. 610, as follows: "The legal remedies for the enforcement

of a contract, which belong to it at the time and place where it is made, are a part of its obligation. A State may change them, provided the change involve no impairment of a substantial right. If the provision of the constitution, or the legislative act of a State, fall within the category last mentioned, they are to that extent utterly void." Under our code, materialmen have a special lien on the real estate for the material furnished by them which goes into the improvement of such real estate, and the lien attaches upon written notice given to the owner to the amount of the material furnished. Such was the law as it existed at the time the company furnished the material which went into the improvement of the real estate of the plaintiff in error. Can it be said that the consideration of this fact was not within the contemplation of the parties at the time the contract for furnishing the material was made? Can it be inferred that without such right of security, which would attach when the material was furnished and the owner notified, the contract would have been entered into? We think not. In our view, the materialman acquired a substantial right when, under the law in force, he parted with his property and thus aided in the improvement of the real estate of the owner who had contracted to have his property substantially improved and largely increased in value. And as we agree with the ruling made in a large number of the adjudicated cases which considered this subject, we hold that a materialman's lien, as prescribed by the statute, can not subsequently be repealed or modified so as to change his right of security, when the contract has been performed, the material delivered, and the notice given under the terms of the statute in force at the time of the contract. The verdict in this case is within the terms both of the act of 1893 and that of 1895, supra; and whether the presiding judge in his charge referred to the one or the other of these acts, as regulating the right of the defendant in error, is immaterial.

*Judgment affirmed. All the Justices concurring.*