JOHN McCONKEY v. D. C. HENDERSON.

A decree enforcing the vendor's lien is without foundation, when the verdict does not ascertain that the note sued on was given in payment of the purchase-money for the land, upon which the lien is sought to be enforced.

Where the defendant answers by a general denial, and failure of consideration from defect of title to the land for which the note sued on was given, and against which the plaintiff is seeking to assert his vendor's lien, if the verdict be only for the amount of money due, it will not sustain a decree to enforce the vendor's lien.

The verdict and judgment cannot be corrected, by the note sued on, and other papers in the cause.

ERROR from Tarrant. Tried below before the Hon. Nat. M. Burford.

This was a suit by D. C. Henderson against John McConkey, on a promissory note, and to enforce the vendor's lien on three tracts of land described in the petition, in payment of the purchase-money of which, it was alleged in the petition, the note was given.

The defendant below answered by a general denial, and a failure of title to the land, in part payment of which he alleged the note to have been given ; and from the bond for title attached as an exhibit to his answer, the land in payment for which the defendant alleged in this answer that the note was given, appeared to be the same as that upon which the plaintiff below asked the enforcement of his lien.

Upon the trial, the jury gave the following verdict, to wit: "We, the jury, find for the plaintiff $1650 principal, and $25.70 interest." Whereupon, the court gave judgment in favor of the plaintiff against the defendant for "the sum of *sixteen hundred and fifty principal, and $25.70 interest.*" And also, "it further appearing," as recorded in the entry, "to the satisfaction of the court, from the note specially sued on, that said sum of money is due for the purchase of three certain tracts of land," decreed that the said lands (describing them) should be sold to satisfy the judgment, &c.

McConkey v. Henderson.

The defendant, on the 17th of February, gave bond, and filed his petition for a writ of error, and assigned, (among others not necessary to be stated,) as grounds of error: 3d. That the judgment is erroneous and void, not showing whether it is for dollars or cents. 4th. That the decree for the sale of the land was entirely without the finding of the jury, of facts sufficient or necessary to give a vendor's lien upon it for the payment of the debt.

Subsequently, on the 9th of June, 1859, on motion of counsel for the plaintiff below, the court being satisfied, as stated in the entry, "from an inspection of the verdict, and the note upon which the suit was instituted, that there was an error and miscalculation, in this, that the said verdict and judgment in said cause, instead of being for *sixteen hundred and fifty principal*, and $25.70 interest, should have been for $1726.49 principal, and $101.27 interest," it was ordered, that the judgment should be corrected and rendered for the latter amount.

*Ferris & Nicholson*, for the plaintiff in error.

*A. Y. Fowler*, for the defendant in error.—It is, no doubt, the proper practice in cases where implied liens are sought to be enforced, to have a special verdict of the jury finding the facts, when those facts are put in issue. But in this case, the parties were not at issue upon those facts; they were alleged by the plaintiff, and admitted by the defendant, in his answer. A verdict is a finding of the truth of the matters at issue between the parties. An issue is a matter averred by one party, and denied by the other, and a verdict, without an issue being first formed, is needless, and a nullity. In the case of Harrell v. Babb, 19 Texas Rep. 148, this court said: "That general verdicts for the parties frequently are good; they may be rendered certain, by applying them to the facts as averred in the pleadings." Admissions in pleadings are always held to conclude the party making them. (Story, Eq. Plead. § 264. See also O. & W. Dig. Laws Texas, §§ 492, 494, and authorities there referred to.)

As to the authority and propriety of the District Court, in making the amendment to the judgment, see Hart. Dig., Art. 786; O. & W. Dig., Art. 507; Sayles' Prac. §§ 576, 591, 755; Swift v. Faris, 11 Texas Rep. 18; Goss v. McClaren, 17 Id. 107. The same might have been done by the Supreme Court. (McNairy v. Castleberry, 6 Id. 286.)

ROBERTS, J.—A judgment in a court of record, must be founded on sufficient facts, legally ascertained. The verdict omits a material part of the facts which are necessary to sustain the judgment, to wit, that the note sued on was given in payment of the purchase-money of the land described in the petition. Without such finding, the decree of the court enforcing the vendor's lien is without foundation.

The error of the court, in amending the verdict and judgment, by the note and other papers in the cause, though manifest, is not assigned as error, and, therefore, is not subject to revision.

For the insufficiency of the verdict to sustain the decree enforcing the vendor's lien, the judgment must be reversed and the cause remanded.

Reversed and remanded.