GEORGE A. CHRISTMAN *et al.*, Plaintiffs in Error, *v.* AURORA CHARLEVILLE *et al.*, Defendants in Error.

*Mechanic's Lien—St. Louis County* —The right of an original contractor with the owner of a building, under the special act relating to St. Louis county, (Sess. Acts 1843, p. 83,) to file his lien within six months after the completion of the contract, was not taken away by the act R. C. 1855, p. 1071.

*Error to St. Louis Land Court.*

*Garesché & Farish*, for plaintiffs in error.

I. The lien law specially applicable to St. Louis county was not repealed by the Rev. Code of 1845. (§ 29, p. 699, R. C. 1845.)

II. It continued in force until 1st May, 1856. (§ 26, p. 1071, R. C. 1855 ; § 18, p. 1026, *ibid.*)

III. Sec. 26 (p. 1071, R. C. 1855), which repeals it, and the special act for St. Louis county expressly provides that " nothing herein shall in any manner impair, injure or prejudice any right, title or interest of any person or persons acquired under both or either of said acts." The ruling of the Land Court conflicts with this by its decision, that, because the lien was not filed within the shortened term of ninety days, as required by the new law, it was invalid.

IV. The reservation of this proviso would be of force even without express statute, otherwise the statute would be

retroactive, and the Legislature would impair an executed contract, by the destruction of the lien under which it was fulfilled. (§ 10 of U. S. Const., p. 25–6, R. C. of 1855; § 17 of Const. Mo., p. 85, *ibid;* Houser v. Hoffman, 32 Mo. 340; Dwar. on Stat., § 681; Paddleford v. Dunn, 14 Mo. p. 522; Ridgley v. St. bt. Reindeer, 27 Mo. 442.)

*M. L. Gray,* for defendants in error.

On the 11th December, 1855, the law was changed to take effect on the 1st of May, 1856, but plaintiffs did not file their lien until May 3, 1856, after the new law took effect; then their remedy would have been controlled by the law of 1843; but as they choose to wait from 5th November, 1855, to 3d May 1856, until the new law enacted December 11, 1855, had gone into opperation, their remedy is to be controlled by the law then in force. The law of 11th December, 1855, shows and is notice to all concerned (see § 6, p. 1067, R. C. 1855) that liens must be filed within 90 days.

If plaintiffs had been cut off from their remedy within 90 days from the passage of the law of 11th December, 1855, then they might have ground of complaint, and then the cases cited by appellants would be in point.

Appellants had their 90 days, &c., nearly twice over, from 11th December, 1855, to the time of passage of the new law changing the remedy. Therefore, 14 Mo. 522; 27 Mo. 442, and 32 Mo. 340, are not authorities for appellants but for appellees, and I rely on them to sustain the court's instruction. (See also, Sedgwick on Stat. & Const. L., pp. 659, 691 and following; Call v. Hogger, 8 Mass. 429; Holyoke v. Haskins, 5 Pick. 26; Smith v. Morrison, 22 Pick. 431.)

The case of Smith v. Morrison, 22 Pick. 432, and Houser v. Hoffman, 32 Mo. 340, both decide the very point in issue here for the appellees.

HOLMES, Judge, delivered the opinion of the court.

The plaintiffs, as original contractors for work and materials in the building of a house, completed their contract on

the fifth day of November, 1855, filed their mechanics' lien on the third day of May, 1856, and brought their suit in June thereafter. All this was done within the time limited by the statute concerning mechanics' liens, in St. Louis county, which was in force until the first day of May, 1856, when the revised statute of 1855 took effect. The 25th section of the act of 1855 concerning mechanics' liens, (R. C. 1855, p. 1071,) which repealed the previous act of 1843, applicable to St. Louis county, that of 1845 having been repealed by effect of the revision, expressly provided that " nothing herein shall in any manner impair, injure or prejudice any right, title or interest of any person or persons" acquired under the said act of 1843. This act required that the lien of a contractor should be filed within six months after the completion of the work or contract, and that suit should be brought upon the lien within ninety days after the lien was filed. The act of 1855 required the lien to be filed within ninety days after the completion of the work or contract, and the suit to be brought upon the lien within nine months after the filing of the same.

On the trial the plaintiffs proved the facts stated in their petition, and the court declared the law to be, " That a party furnishing materials for a building on the 5th day of November, 1855, or prior to the 11th of December, 1855, but who only filed his lien therefor on the 3d day of May, 1856, is not within the time prescribed by law."

The question is whether the plaintiffs had acquired any such "right, title or interest" under the act of 1843, as was intended to be saved by the 25th section of the act of 1855. Not having filed their lien before the first day of May, it is clear that they had not acquired a lien under the previous act while it was in force.

But this language of the saving clause is broad enough to cover something more than a lien completed by an actual filing of the demand. It includes any right acquired. The plaintiffs had certainly gained a right to file a lien within six months. They may be presumed to have had knowledge

of the passage of the act of 1855, and that it would take effect on the first day of May, 1856; but the question still remains whether they were not justified in assuming that their right to file a lien within six months was saved and excepted by the act itself. They had done the work and furnished the materials under a law which gave them the security of a lien on the property, as well as a special remedy to enforce it. It was held in Hauser v. Hoffmann, (32 Mo. 334,) that this special remedy might be changed at the will of the Legislature. Here is something more than a peculiar remedy; there is a positive right to the security of a lien.

This right was acquired under the act, and it was to continue for six months. To take away the whole time would be to destroy the right; and to take away a part of the time would certainly be to "impair, injure, or prejudice" that right. The suit was brought within the time limited for bringing the action, under either act.

We think the right of the parties to file their lien within six months was saved to them by the clause in question.

Judgment reversed and remanded. Judge Wagner concurs; Judge Lovelace absent.