W. C. SLADE v. D. D. YOUNG, ADMINISTRATOR, ETC.

1—Suit on a note which expressed on its face that it was given for two lots near the town of B., and that a lien was reserved on the lots. Prayer for judgment against makers of the note, and also for decree foreclosing the vendor's lien. General verdict for plaintiff for debt and interest, with no mention of the lien or the lots. *Held*, that it was not error to decree the foreclosure, inasmuch as the lien was an express lien, reserved on the face of the note.

2—It is only when the lien is an implied lien that it is necessary for the verdict to show that the land is subject to it, as held in McConkey v. Henderson, 24 Tex., 212.

ERROR from Washington. Tried below before the Hon. James E. Sheppard.

In August, 1866, Young, as the administrator of the estate of J. H. Hurt, deceased, brought this suit against W. C. Slade, W. G. Wilkins and C. T. Roff, on a note in the following terms:

"$239 00.　　　　　　　　　BRENHAM, Dec. 2d, 1862.

"Twelve months after date we, or either of us, promise to pay J. B. Reed, executor of Jas. H. Hurt, deceased, or bearer, two hundred and thirty-nine dollars, for two lots or parcels of land near the town of Brenham, bearing ten per cent. interest from maturity, retaining a lien upon said lots to secure the payment of the purchase money.

　　　　　　　　　　　　　　"W. C. SLADE,
　　　　　　　　　　　　　　"W. G. WILKINS,
　　　　　　　　　　　　　　"C. T. ROFF."

The petition averred that the note was a "lien upon two certain lots near the town of Brenham, fully described in the deed from said Reed, executor as aforesaid, to defendant, W. C. Slade," and concluded with a prayer for process, for judgment, general relief, and "for a decree foreclosing the vendor's lien upon said lots, and order of sale."

The deed was not made an exhibit, nor is there anything

further in the pleadings on either side to identify the particular lots for which the note was given.

The defendants filed a general demurrer and a general denial; and Slade also claimed a set-off, which, however, was struck out on exceptions of the plaintiff.

The jury returned a general verdict for the plaintiff, for the amount of the note and interest, saying nothing about the lien or the property which was the consideration of the note.

The court rendered judgment against the defendants, with a recital as follows: "And it appearing to the court that the note sued on was given to secure the payment of the purchase money for two certain lots or parcels of land lying and being situate near the town of Brenham, county of Washington, the same that were conveyed by J. B. Reed, as executor of the said James H. Hurt, deceased, to the said defendant, W. C. Slade, lot No. 2, in block No. 2, and lot No. 1, in block No. 3." And a decree of foreclosure followed on the lots so described.

There is no statement of facts, and nothing in the record to manifest in what mode the court identified the property subject to the lien.

Slade alone prosecutes error, assigning :

1. That the judgment in the cause does not follow the verdict.

2. That the verdict of the jury simply found the amount of the debt sued on and interest.

3. That the jury did not find that the note was given as a part or as the whole of the purchase money on any land, whereas the judgment was rendered foreclosing the vendor's lien on certain lands described in the judgment.

4. That the verdict of the jury did not authorize the judgment of foreclosure.

When the cause came to hearing in this court, the defendant in error suggested delay, and it seems that the briefs filed for the plaintiff in error were mislaid or not submitted to the court; so that in the first instance there was a simple affirmance with damages. The plaintiff in error asked a rehearing, which elicited the opinion here published.

*Hill & Hill*, for plaintiff in error, cited McConkey v. Henderson, 24 Tex., 212.

*J. D. & D. C. Giddings*, for defendant in error, suggested delay.

DENISON, J.—The counsel for plaintiff in error moves the court for a rehearing in this case, on the ground that he had filed briefs for the plaintiff in error, which the clerk had neglected to hand to the court with the record.

The only point made in the brief is, that " the verdict in this case does not support the judgment. It does not find that the note sued on was given for the land described in the petition." And counsel cited McConkey v. Henderson, 24 Tex., 212.

In the case cited the opinion of the court had reference exclusively to an *implied* lien which required evidence *de hors* the record to establish it. In this case the lien is express, and reserved in the note sued on ; and it was only necessary for the jury to find the amount due, and the court could decree the foreclosure. The rehearing is therefore refused.

The brief disclosing grounds of appeal, the judgment of this court is amended so as to strike out the damages for delay.

Affirmed.