RICHARD HANDEL v. J. T. ELLIOTT.

(Case No. 3854–1351.)

1. JUDGMENT.— Resort can only be had, in supporting a judgment, to the verdict and to admissions contained in the pleadings. Hence, when the existence of a lien was declared by a judgment, but in regard to which both the verdict and the pleadings of the party against whom it was adjudged were silent, there was no legal basis to support it, and this though the judgment contained a recitation that the party orally admitted the lien after the charge to the jury was read, and before their retirement to consider of their verdict.

2. LIEN — CONSTITUTION CONSTRUED.— By the constitution of 1876 (art. V, sec. 8), the district court has jurisdiction, without reference to amount, to decree the foreclosure of a lien on land, and the assertion of the lien gives it jurisdiction over the entire subject matter, with power finally to dispose of it.

3. LIEN.— When a mechanic's lien had been fixed under the act of 1871, and suit begun for its enforcement before the repeal of that act in 1876, the lien was not destroyed by the repealing act.

---

Opinion of the court.

---

ERROR from Dallas. Tried below before the Hon. Z. Hunt.

Elliott brought this suit against Handel January 21, 1875, to recover on an account for $217.92 and interest, and to foreclose a material man's lien on a house and lot in the city of Dallas. Handel answered by general demurrer and general denial, and other pleas not necessary to notice. April 10, 1878, the case was tried, and a verdict returned for Elliott for $275.04, for which judgment was rendered, and also the lien foreclosed.

There was no statement of facts or bills of exception in the record.

The material errors assigned were as follows: That the judgment foreclosing the lien was not supported by the verdict. That the district court had no authority to render a personal judgment, the amount being less than $500. The lien which accrued and was fixed under the act of 1871 was destroyed in the repeal of that by the act of 1876.

As a basis for the decree of foreclosure it was in effect therein recited that after the charge was read and before the jury retired, Handel admitted that, if he owed the debt, then all the steps had been taken to fix and secure the lien, and that the lumber named in the bill had been used in the construction of his house, stating that the only issue upon which the jury was required to pass was, whether or not the materials had been sold by Elliott to him.

The verdict of the jury was as follows: "We, the jury, find for the plaintiff the amount sued for, with eight per cent. interest from 1st January, 1875, to date:

"Principal............................................................ $217 92
"Interest at eight per cent. for three years, three months and ten days.   57 12

"Total .............................................................. $275 04

       (Signed)               " J. S. SIZER, Foreman."

*R. W. Goldthwaite,* for plaintiff in error.

*Morgan & Gibbs,* for defendant in error.

WATTS, J. COM. APP.—In the disposition of this case it is not necessary to consider the various errors assigned. The main proposition is that the judgment does not conform to nor is it sustained by the verdict.

The rule seems to be well settled that the judgment must be supported by the verdict and the admissions contained in the pleading

of the parties. That is, in the investigation of the question resort can only be had to the verdict and admissions directly or indirectly made in the pleadings, and if not sustained by these, the judgment would have no legal basis for support. Smith *et al. v.* Johnson, 8 Tex., 425; Benett *v.* Butterworth, 11 How., 675.

Here the court, by the charge, submitted to the jury the issue as to the debt, and also that as to the existence of the lien; the jury by the verdict pass upon and find as to the debt, but there is no finding as to the lien. This is equivalent to finding against the existence of the lien (Roberts *v.* Johnson, 48 Tex., 133), unless its existence is admitted by the pleading of the plaintiff in error. Among other defenses, however, the general denial was pleaded; and no admission of the existence of the lien, either directly or indirectly, is found in the answer. But defendant in error claims that the oral admissions made by the plaintiff in error after the charge was read and before the jury retired to consider of their verdict, and which admissions are recited in the judgment, furnish a sufficient and legal basis for that part of the judgment in which a foreclosure of the lien is decreed. At most such admissions are but evidence of the facts to which they relate, and which alone might support a finding of the jury upon the issue; but can no more be made the basis of any part of the judgment, than can any other evidence introduced upon the trial.

It was essential, to support the decree of the foreclosure of the lien, either that its existence should be admitted by the pleadings or else affirmed by the verdict of the jury. May *v.* Taylor, 22 Tex., 348; Bledsoe *v.* Wills, id., 650; McConkey *v.* Henderson, 24 Tex., 212. In our opinion that portion of the judgment decreeing a foreclosure of the lien has no legal basis for its support, and is therefore erroneous.

The proposition that the amount in controversy, being less than $500, the district court could not render a personal judgment, but that it could but ascertain the existence of, and decree a foreclosure of the lien, is not sound. By the terms of the constitution the assertion of a lien upon land gives the district court jurisdiction over the entire suit, with power to finally dispose of the same. Art. V, sec. 8, Const. 1876.

Plaintiff in error claims that as the act of 1871, under which the asserted lien accrued and was fixed, had been expressly repealed by the act of 1876, regulating mechanics' and other liens, prior to the trial of this case, that the asserted lien ceased and could not be enforced. This question is not altogether free from doubt. Several

of·the American courts hold that although the lien may have accrued and been fixed, that it was still only a part of the remedy, and subject to legislative control, and that a repeal of the statute would defeat the lien. To this effect are the following cases: Woodbury v. Grimes, 1 Col., 100; Donaldson v. O'Connor, 1 E. D. Smith, 695; Watson v. N. Y. Cent. R. R., 47 N. Y., 15; Templeton v. Horne, 82 Ill., 491.

Other courts, upon what seems to us better reasoning, hold that, where the lien has been fixed and secured, it becomes a vested right, and that it is not within the power of the legislature to destroy the right by a repeal of the statute under which it accrued. To this effect are the following cases: Wabash, etc., Canal Co. v. Beers, 2 Black, 448; Weaver v. Sells, 10 Kan., 609; Streubel v. Milwaukee, etc., R. R. Co., 12 Wis., 74; Christman v. Charleville, 36 Mo., 610; Hallahan v. Herbert, 11 Abb. Pr. (N. S.), 326; *In re* Hope Mining Co., 1 Sawyer (U. S. C. C.), 710. While Mr. Wade, in his work on Retroactive Law, § 173, states the rule as follows: "The rights of contractors, materialmen, subcontractors and laborers, under the statutes giving mechanics' liens and rendering them enforceable against the property upon which the work is done or material furnished, are similar in kind, and governed by the same principles. The lien secured by giving notice, and otherwise complying with the law, or even the right to the lien before notice given, is part of the obligation of the contract, and at the same time a right which the law secures to the mechanic or materialman, under the same sanctions as may be invoked to protect the title to corporeal property."

Especially in view of the fact that the lien is declared by our constitution, it would seem that the statute providing for its enforcement would enter into and form part of the contract. Certainly, as a general rule, such contracts are made with reference to the then existing law, and the labor is usually done or the material furnished upon the faith, or rather the security, given by the same.

In this case the lien had been fixed under the act of 1871, and suit was pending for its enforcement long before it was repealed by the act of 1876. And our conclusion is that the lien was not destroyed by that repeal.

Besides, the repealing act contains substantially the same provisions with respect to fixing, securing and enforcing the lien as was contained in the repealed law. Under such state of case it would seem to follow that, even though it had been within the power of the legislature to destroy the lien, yet it should be held that such

was not the legislative intent in making the repeal. McMullen v. Guest, 6 Tex., 278; Phillips on Mechanics' Liens, § 25.

Other errors assigned are such as will not likely occur upon another trial, and need not, therefore, be considered.

For the error noted herein the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted October 9, 1883.]