## RICHARD HANDEL vs. J. T. ELLIOTT.

SUPREME COURT, TYLER TERM, 1883.

1. *Judgment—Verdict.*—A judgment unsupported by the verdict and the admissions of the pleadings, cannot stand.

2. *Practice.*—In order to sustain a decree of the foreclosure of a lien, it is essential that the existence of the lien should be admitted by the pleadings, or else affirmed by the verdict. See a state of case wherein it is held that the judgment decreeing a lien has no legal support.

3. *Jurisdiction of the District Court.*—The assertion of a lien upon land, whatever the value of the same be, is a cause of action committed by the constitution to the district court.

4. *Practice.*—Where a lien was fixed by a statute in existence and a suit was then pending for its enforcement, before its repeal, a subsequent repeal of such statute did not effect the status of the case.

Writ of error from Dallas County.

*R. W. Goldthwaite* for plaintiff in error.

*Morgan & Gibbs* for defendant in error.

### STATEMENT.

Elliott brought this suit against Handel January 21, 1873, to recover on an account for $217.92 and interest, and to foreclose a material man's lien on a house and lot.

Handel answered by general demurrer and general denial, and others not necessary to notice.

April 10, 1878, the case was tried by a jury, who returned the following verdict for Elliott, upon which judgment was rendered and the lien foreclosed:

"We, the jury, find for the plaintiff the amount sued for, with 8 per cent. interest, from January 1st, 1875, to date. Principal, $217.92; interest at 8 per cent. for 3 years, 3 mos. and 10 days, $57.12. Total, $275.04. J. S. Sizer, Foreman.

The material errors assigned are that the judgment foreclosing the lien is not supported by the evidence; that the district court had no authority to render a personal judgment, the amount being less than

$500. The lien which accrued, and was fixed under the act of 1871, was destroyed in the repeal of that act by the act of 1876.

Opinion by Watts, J., adopted.

In the disposition of this case it is not necessary to consider the various errors assigned. The main proposition is that the judgment does not conform to, nor is it sustained by the verdict.

The rule seems to be well settled that the judgment must be supported by the verdict and the admissions contained in the pleadings of the parties. That is, in the investigation of the question, resort can only be had to the verdict and admissions directly, or indirectly made in the pleadings, and if not sustained by these, the judgment would have no legal basis for support. Smith et al. vs. Johnson, 8 Tex., 425; Bennett vs. Butterworth, 11 Howard, 675.

Here the court, by the charge, submitted to the jury the issue as to the debt, and also as to the existence of the lien. The jury, by its verdict, passes upon and finds as to the debt, but there is no finding as to the lien. This is equivalent to finding against the existence of the lien (Roberts vs. Johnson, 47 Tex., 133) unless its existence is admitted by the pleadings of the plaintiff in error. Among other defenses, however, the general denial was plead, and no admission of the existence of the lien, directly or indirectly, is found in the answer.

But defendant in error claims that the oral admissions made by the plaintiff in error after the charge was read and before the jury retired to consider of their verdict, and which admissions are recited in the judgment, furnish a sufficient and legal basis for that part of the judgment in which a foreclosure of the line is decreed.

At most such admissions are but evidence of the facts to which they relate, and which alone might support a finding of the jury upon the issue, but can no more be made the basis of any part of the judgment than can any other eveidence introduced upon the trial. It is essential to support the decree of the foreclosure of the lien, either that its existence should be admitted by the pleadings or else affirmed by the verdict of the jury. May vs. Taylor, 22 Tex., 348; Bledsoe vs. Willis, *Ibid.* 650; McConkey vs. Henderson, 24 Tex., 212.

In our opinion that portion of a judgment decreeing a foreclosure

of the lien has no legal basis for its support, and is therefore erroneous.

The proposition that the amount in controversy being less than $500, that the district court could not render a personal judgment, but that it could ascertain the existence and decree a foreclosure of the lien is not sound.

By the terms of the Constitution the assertion of a lien upon land gives the district court jurisdiction over the entire suit, with power to finally dispose of the same. Art. 5, Sec. 8, Constitution 1876.

Plaintiff in error claims that as the act of 1871, under which the asserted lien accrued and was fixed, had been expressly repealed by the act of 1876, regulating mechanics' and other liens prior to the trial of this case, that the asserted lien ceased and could not be enforced. This question is not altogether free from doubt. Several of the American courts hold that although the lien may have accrued and been fixed that it was still only a part of the remedy, and that a repeal of the statute would defeat the lien. To this effect are the following cases : Woodbury vs. Grimes (1 Cal., 100), Danalson vs. O'Connor (1st E. D. Smith, 695), Watson vs. New York Central Railway (47 N. Y., 15), and Templeton vs. Horne (82 Ill., 91.)

Other courts, upon what seem to us better reasoning, hold that where the lien has been fixed and secured that it becomes a vested right, and that it is not within the power of the Legislature to destroy the right by an appeal of the statute under which it accrued. To this effect are the following cases : Wabash etc., Canal Company vs. Beers (2 Black, 448) Weaver vs. Sell (10 Kan., 609), Strembel vs. Milwaukee, etc., Railway (12 Wis., 67) Christman vs. Charleville (36 Mo., 610) Hallahan vs. Herbert, (11 Abbt. Pr., N. S., 326), *In Re* Hope Mining Company (1 Sawyer, U. S. C. Rep, 710); while Mr. Wade, in his work on retroactive law (Sec. 173) states the rule as follows : "The rights contractors, material men, sub-contractors and laborers, under the statutes giving mechanics' liens, and rendering them enforcible against the property upon which the work is done, or material furnished, are similar in kind and governed by the same principles. The lien secured by giving notice and otherwise complying with the law, or even the right to the lien before notice given, is part of the obligation of the contract, and at the same time a right which the law secures to the mechanic, or material man, under

the same sanction as may be invoked to protect the title to corporeal property."

Especially in view of the fact that the lien is declared by our Constitution, It would seem that the statute providing for its enforcement would enter into and form part of the contract. Certainly, as a general rule, such contracts are made with reference to the then existing law, and the labor is usually done, or the material furnished, upon the faith, or rather the security, given by the same.

It this case the lien had been fixed under the act of 1871, and suit was pending for its enforcement long before it was repealed by the act of 1876, and our conclusion is that the lien was not destroyed by that repeal.

Besides, the repealing act contains substantially the same provisions with respect to fixing, securing, and enforcing the lien as was contained in the repealed law. Under such state of the case it would seem to follow that even though it had been within the power of the Legislature to destroy the lien, yet it should be held that such was not the legislative intent in making the repeal. McMullen vs. Guest 6 Tex., 278; Phillipps on Mechanics' Liens, Sec. 25.

Other errors assigned are such as will not likely occur upon another trial and need not, therefore, be considered.

For the error noted herein the judgment is reversed anh the cause remanded.

Reversed and remanded.