WILLIAM GARLAND, RESPONDENT AND APPELLANT, *v.* BEAR LAKE AND RIVER WATER WORKS AND IRRIGATION COMPANY AND ANOTHER, APPELLANTS, AND COREY BROTHERS & CO., RESPONDENTS.

STATUTORY CONSTRUCTION.—MECHANIC'S LIEN.—REMEDY.—Where a right is in process of becoming complete and a remedy exists by statute to enforce that right if complete, but before the right becomes complete, another remedy is given by statute, the right must be enforced according to the later statute.

ID.—ID.—STATEMENT.—Where a party begins to furnish labor and materials upon certain real estate, under a statute which gave ninety days after the lien was filed to bring suit upon it, but before that work was completed, another statute was passed which gave the lien-holder one year after filing statement in

which to bring his suit, and this latter statute contained a clause providing: "All acts and parts of acts inconsistent with the provisions of this act are hereby repealed, provided that said repeal shall not affect any right or remedy nor abate any suit or action or proceeding existing, instituted or pending under the law hereby repealed;" *held*, that the remedy was not one existing at the passage of the latter act, and that the latter act controlled the remedy.

MECHANIC'S LIEN.—DITCH ON PUBLIC LAND.—OWNERSHIP.—Under the laws of the United States recognizing the right to appropriate and use public lands for the construction of irrigating canals, and under the law of Utah Territory, giving a mechanic's lien to whomever shall furnish materials or do work upon land by contract with the owner of such land, a lien for work done upon a canal constructed upon the public lands attaches in favor of a material man as the canal is made and the ownership of the canal and right of way therefor will be held to vest in the owner of the canal at the same time.

PRIORITY OF LIENS.—TRUST DEED AND MECHANIC'S LIEN.—IRRIGATING CANAL ON PUBLIC LAND.—A deed of trust executed upon a certain canal to be constructed, which covers all the property the owner of the canal then had or might thereafter acquire, cannot take precedence of a mechanic's lien for work done and materials furnished in building the canal, even though the deed of trust antedates the doing of the work or furnishing of materials.

MECHANIC'S LIEN.—PRIOR SUIT PENDING.—NOTICE OF LIEN.—Where at the time of filing a statement of lien the lien-holder specifies the amount of his claim and states that if certain suits then in progress to reform the estimates for work done, should decide that the estimates were erroneous, then the lien-holder would claim a lien for an additional amount for that work done, and specifies what that amount would be, and in those suits to correct the estimates, judgments are rendered in favor of the lien-holder and against the owner for a certain amount; *held* in a suit to establish the lien the amount of those judgments cannot be included in the lien, because a suit is already pending upon those amounts.

JUDICIAL KNOWLEDGE.—FACTS AFTER APPEAL TAKEN.—STATEMENT.—*Semble* that the appellate court will take judicial notice of facts happening after the record on appeal was complete,

for example, that an appeal which had been taken from certain judgments had been reversed, even after the record on appeal was complete and the appeal taken.

REMEDIES.—MECHANIC'S LIEN.—ACTION FOR DEBT.—*Semble* that where a party has a claim for a mechanic's lien and there is a controversy about the correctness of a part of the claim, and the party brings an action of debt to settle that part, he waives the right to have that claim adjudged to be rightful, included in the mechanic's lien.

ID.—SUIT UPON JUDGMENT.—MERGER.—*Semble* that claims for work done and materials furnished, which have been reduced to judgments in actions of debt, are merged in the judgments, and that such judgments cannot be made part of a claim for a mechanic's lien for those materials and work, and for other work and materials, even though the statement of lien specified the suits pending in regard to the first part of the claim, and gave notice that any judgments recovered against the owner would be included in the lien, although those very judgments had been reversed upon appeal upon a technical point not going to the merits of the claim, and the court had found in the lien-suit that the claim was a valid one for materials furnished under the contract for which the lien was filed.

APPEALS from a judgment of the district court of the first district and from an order refusing a new trial, Hon. James A. Miner, judge. The facts are stated in the opinion of the court. The former cases are found at the case of *Garland* v. *McMartin*, 8 Utah, 151, where the facts are fully set forth in the report preceding the opinion. It appeared from the record in this case that judgment had been rendered in the former suits against the Irrigation Company, and at the time this appeal was taken to the supreme court of the Territory, the judgment of the supreme court reversing the case of *Garland* v. *McMartin* had not been rendered, although the court in its opinion *infra* notices the fact. The findings of fact in this case are as follows: That the Bear Lake and River Water Works and Irrigation Company and the Jarvis-Conklin

Mortgage Trust Company are corporations; that August 16, 1889, said irrigation company entered into a contract with William Garland, the plaintiff, for the performance of work upon its canals in Cache and Box Elder counties, and plaintiff began work and continued it until December 10, 1890, and fully complied with his contract, and did work and furnished materials to the sum of $623,310.10, and received payment therefor the sum of $544,145.55; that interest upon deferred payments to the amount of $1,085.95 had accrued up to December 20, 1890; that the sum of $89,551.33 is now due from said irrigation company to said Garland, for which he is entitled to a lien; that plaintiff sublet portions of the work to Annett and to McMartin, who fully performed their contracts with plaintiff; that both by plaintiff's contract with said irrigation company, and said plaintiff's contracts with Annett and McMartin, the engineer of the irrigation company was made an arbitrator for the measurement and classification of work done on the canals; that July 28, 1890, Annett began an action against plaintiff, alleging that the said engineer and arbitrator had in bad faith made erroneous estimates and under-estimated the work done by said Annett, and asked that said estimates be set aside; that in this action such proceedings were had that the irrigation company was made a party defendant, came in and offered testimony, and the court found that the estimates were fraudulent, and that plaintiff in consequence was entitled to recover from said irrigation company the sum of $17,411.01; that on May 3, 1891, judgment was entered thereon; that in another action between McMartin and said Garland, on a precisely similar state of parties and of the proof, judgment was entered in favor of plaintiff and against said irrigation company on May 3, 1891, for $5,907.14; that from these two judgments defendant irri-

gation company appealed, gave no supersedeas bond, and. they are still pending in the supreme court of Utah Territory undetermined; that on December 23, 1890, less than sixty days after work was done, plaintiff filed his lien in due form, and on September 24, 1891, brought an action thereon; that at the time the plaintiff filed his statement of lien, the actions of Annett and McMartin were undetermined, and plaintiff had no knowledge of the truth or falsity of their claim in regard to the false estimates, and therefore set out in his statement of lien that should said estimates prove to be false, his claim for a lien would be greater by $23,318.15, the amount for which plaintiff afterwards obtained judgment. The findings, then, found the facts as to Corey Bros. and Company's lien, and as to the Jarvis-Conklin deed of trust. As a conclusion of law, the court below found that Garland was entitled to a lien for his claim for work done, but was not entitled to a .lien for the amount of the judgments rendered in his favor in the Annett and McMartin suits, and judgment was rendered accordingly. Both Garland and the irrigation company and the Jarvis-Conklin Company appealed.

*Mr. W. L. Maginnis*, for the appellant Garland.

The court should have allowed the lien for the amount of the judgments already obtained against the irrigation company on account of the fraudulent estimates. The objection that those judgments are a merger of the right to a lien and foreclosure of the same is not tenable. *Fox* v. *Seal*, 22 Wall. 424; *Brennan* v. *Swasey*, 16 Cal. 141; *Germania Co.* v. *Wagner*, 61 Cal. 349; 2 Jones on Liens, sec. 1552; *West* v. *Fleming*, 18 Ill. 248; *Dickens* v. *Corbett*, 11 Nev. 277. Plaintiff was entitled to a personal judgment for the full amount due him on account of work done on the canal irrespective of his right to a lien. Our lien

·statute was taken from Colorado, and adopted with the judicial construction put upon it. *Cannon* v. *Williams,* 23 Pac. Rep. 456. Such action of debt will lie upon a judgment even though an execution could be issued upon it, and actions on decrees in equity are not different from those upon judgments at law. Cases were cited to these points, and Black on Judgments, secs. 958, 962, and Freeman on Judgments, sec. 434. The right to execution is not suspended by an appeal in which no supersedeas is given, but only a cost bond, and an action may be maintained thereon as if no appeal had been taken.

*Mr. Henry M. Beardsley,* and *Messrs. Evans and Rogers,* for the appellant, the Irrigation Company and the Jarvis-Conklin Trust Company.

All of Garland's rights existed under the old law and hence must be enforced under the old law. *Cahoon* v. *Leavitt,* 6 Cal. 295; *Douglas* v. *Zinc Co.,* 56 Mo. 399; *Tell* v. *Woodruff,* 47 N. W. Rep. 262; *Gilliland* v. *Schuyler,* 9 Kan. 569; *Kansas* v. *Showers,* 34 Kan. 269; *Dillon* v. *Linder,* 36 Wis. 344.

There was no ownership in the land in the irrigation company when the lien accrued, and hence the lien is of no avail. *Underhill* v. *Corwin,* 15 Ill. 556; *Tracy* v. *Rogers,* 69 Ill. 664; *Monroe* v. *West,* 12 Iowa, 123; *Squires* v. *Administrator,* 27 Mo. 134; *Steininger* v. *Raeman,* 28 Mo. App. 594. ·

Garland had no lien and hence no priority. Corey Bros. & Co. obtained a lien which attached May 1, 1890, the date of their contract, but the whole of the bonds were delivered and paid for prior to January 24, 1891, and one and one-quarter million dollars were not taken prior to May 1, 1890, but the trust company was under contract to take them as soon as the canal was completed. Jones on Mortgages, 375;

*Platt* v. *Griffith,* 27 N. J. Eq. 207; *Maroney's Appeal,* 24 Pa. St. 372; *Taylor* v. *La Bar,* 25 N. J. Eq. 222; *Macintosh* v. *Thurston,* Id. 242; *Loveless* v. *Webb,* 62 Ala. 271.

*Messrs. Kimball and Allison,* for Corey Bros. & Co., respondents.

A mechanic's lien for work done and materials furnished takes precedence of any mortgage executed upon property which is to come into existence by that work. 1 Jones on Mortgages, sec. 158; *Railway Co.* v. *Mellen,* 12 Wall. 362; *Williamson* v. *Railway Co.,* 28 N. J. Eq. 277, 29 N. J. Eq. 311. The Bear Lake Company acquired the canal subject to the lien, and it could give its grantee, the mortgagee, no greater right. Besides, the mortgagee took its mortgage with notice that the canal was not constructed, and that it would be when constructed subject to mechanics' liens. *Trust Co.* v. *Railway Co.,* 47 Am. and Eng. Ry. Cas. 230; *Brooks* v. *Railway Co.,* 101 U. S. 443; *Paulsen* v. *Mauske,* 126 Ill. 82, 9 Am. St. 532; *Ellis* v. *Porter,* 29 Pac. Rep. 879.

*Mr. Sandford B. Ladd,* for Garland, appellant and respondent.

The saving clause as to the remedy applied only to remedies existing at the time. Garland's remedy did not exist, because work was not completed. Hence his remedy is under the new law. *Turner* v. *Saunders,* 4 Scam. 533; *People* v. *Livingston,* 6 Wend. 526; *Collins* v. *Warren,* 63 Tex. 311. Even if the irrigation company had no ownership in the land, that consideration lies only in the mouth of the owner to urge.

Zane, C. J.:

It appears from this record that in 1889 the Bear Lake

& River Water-Works & Irrigation Company undertook to construct a water ditch or canal through the counties of Cache and Box Elder, and that on the 16th of the following August the plaintiff contracted with the company to construct the first 12 miles of it; that he immediately entered upon its performance, and completed the work on October 31, 1890; that during its progress he sublet parts of it to Annett & Thompson and their assignors, and to McMartin, who performed the work let to them. All of the contracts provided that payments should be made on measurements and estimates of the company's engineer. It also appears that Corey Bros. & Co. did work on the canal under a contract bearing date May 1, 1890, with the company, and it further appears that on October 1, 1889, the company executed to the Jarvis-Conklin Mortgage Trust Company a deed of trust to all property it then owned or might acquire, to secure 2,000 of its bonds, of $1,000 each; that Annett & Thompson, in the summer of 1890, brought suit against Garland, alleging that the estimates of the company's engineer were fraudulent and incorrect, and claiming a greater sum. At the same time, Garland brought suit against McMartin, and he pleaded a set-off for work alleged to have been done for the former.

While these actions were pending, Garland finished his work, and filed his statement for a lien, and included in it the amount due, according to the measurement and estimate of the company's engineer, and the excess claimed by his subcontractors. In these actions the waterworks and irrigation company was made a party, and the result of the trial was, the estimates of the company's engineer were rejected, and the court, in its judgment against Garland, allowed the subcontractors the full amount of their claims, and rendered judgment against the waterworks and irrigation company, in favor of Garland, for the amount of the excess over the estimate of the company's engineer.

Pending the suits, the plaintiff, William Garland, commenced this action against the Bear Lake & River Waterworks & Irrigation Company, the Jarvis-Conklin Mortgage Trust Company, as trustees, and Corey Bros. & Co. All of the defendants answered, setting up the foregoing facts, and Corey Bros. & Co. also filed a cross complaint, in which they alleged the amount of work done by them, and the recording of their lien, and asked for its enforcement. Upon the hearing, the court entered a decree in favor of Garland against the waterworks and irrigation company for $89,551.33,—the amount due and unpaid, according to the estimate of the company's engineer, and disallowed plaintiff's claim for work in excess of that estimate, for which a decree had been rendered in his favor in the action by the subcontractors. The court also found for Corey Bros. & Co. $12,572.78, against the same defendant, and declared these two amounts to be first and equal liens upon the canal, and ordered a sale thereof for their satisfaction. From this decree, the plaintiff, the water and irrigation company, and the Jarvis-Conklin Mortgage Trust Company have appealed.

The plaintiff did not commence this suit to enforce his lien until nine months after he had filed the statement for a lien in the recorder's office. The law in force when plaintiff made his contract, and commenced work, required an action to enforce the lien to be commenced within 90 days after filing the statement. The water and irrigation company insist that the plaintiff lost his lien because he did not commence suit within that time, while the plaintiff claims that his right to a lien, and to the remedy to enforce it, must be determined (as the court below held) by the law in force March 12, 1890, which permits the suit to be commenced within one year after the statement is filed. Section 32 of the latter act is as follows: "All acts and parts of acts inconsistent with the provisions of this act,

and sections 3806 to section 3820 both inclusive of the Compiled Laws of Utah 1888, are hereby repealed; provided that the repeal of said acts or part of acts, or any of them, shall not affect any right or remedy nor abate any suit or action or proceeding existing, instituted or pending under the law hereby repealed." The right and remedy referred to in this provision are the lien, and the means the law furnishes to enforce it. The contract, of itself, does not give the lien, or the right to the remedy to enforce it. When the work under the contract is done, and the statement is filed, the lien comes into existence, and relates to the time of commencing the work or furnishing the materials; and when the work is done or the materials are furnished, and the statement is filed, and a breach of the contract has occurred, the right to the remedy exists.

If the party contracting for the labor or materials refuses to comply with the contract before the other party has done any work or furnished any materials, the latter has his right to damages, and the ordinary remedy to recover them, but in that case there is no mechanic's lien. If, after the latter commences work or furnishes some material, the former refuses to permit him to complete the work or furnish more material, the party who has done some of the work or furnished some material, upon filing the statement required, has a lien to that extent, and may avail himself of the remedy to enforce it. The obligation to perform the contract arises when it is signed by the parties, and delivered. The lien arises when work is done or materials are furnished under it, and the statement is filed, and it relates then to the time the work or delivery of the materials commenced. The lien does not arise until some of the work is done or some of the materials are furnished, and the party for whom the work is done or to whom the materials are furnished has refused or failed to

comply with the contract, and the statement has been filed.

So with respect to the remedy. If the party to the contract for whom the work is to be done, or the material is to be delivered, violates it before such work or delivery is commenced, the other party has a right to the ordinary remedy, but not the right to the lien, or to the remedy to enforce it, referred to in the mechanic's lien law. But if, after such work or delivery commences, the party for or to whom such work or delivery is due violates the contract, and the statement is duly filed, the right to the remedy to enforce the lien accrues. The plaintiff did not complete the contract to do the work and furnish the materials until after the law of March 12, 1890, took effect, and there was no breach on the part of the water and irrigation company until after such completion, and the statement required was not filed till after that. It is plain that the court committed no error in applying the law of March 12, 1890, to the facts of the case. *Turney* v. *Saunders,* 4 Scam. 527; *Ogden* v. *Saunders,* 12 Wheat. 349.

The Bear Lake & River Waterworks & Irrigation Company insists that the court erred in holding that the plaintiff and Corey Bros. & Co. had a lien on the irrigation ditch in question, because it found that the right of way was acquired after the lien attached. The ditch was constructed on the public lands of the United States, for irrigation purposes, and the right of way was obtained by going upon the land, and making the ditch. By so doing the water and irrigation company obtained a right to occupy so much of the land as was necessary for its canal. It acquired such a right to use or transfer the same as the law recognizes and protects. Sections 2339 and 2340 of the Revised Statutes of the United States are as follows: "Sec. 2339. Whenever, by priority of possession, rights to the

use of water for mining, agricultural, manufacturing, or other purposes, have vested and accrued, and the same are recognized and acknowledged by the local customs, laws, and the decisions of courts, the possessors and owners of such vested rights shall be maintained and protected in the same; and the right of way for 'the construction of ditches and canals for the purpose herein specified is acknowledged and confirmed; but whenever any person, in the construction of any ditch or canal, injures or damages the possession of any settler on the public domain, the party committing such injury or damage shall be liable to the party injured for such injury or damage.          Sec. 2340. All patents granted, or pre-emption or homesteads allowed, shall be subject to any vested and accrued water-rights or rights to ditches and reservoirs used in connection with such water-rights, as may have been acquired under or recognized by the preceding section."

These sections recognized the right of individuals to go upon the public land of the United States, and to construct ditches and canals for mining, agricultural, manufacturing, and other useful·purposes, and the right of 'way so. taken and held the law acknowledges and confirms, and makes all patents granted, and pre-emptions and homesteads allowed, subject to such rights.          *Jennison* v. *Kirk*, 98 U. S. 453; *Broder* v. *Water Co.*, 101 U. S. 274.          The law under which this suit was instituted, securing liens to mechanics and others, declares "that whoever shall do work or furnish materials by contract, express or implied with the owner of any land    *    *    *    shall have a lien upon such land, building, structure or other improvement for the amount and value of the work so done or materials so furnished to the extent of the interest or claim of such owner    *    *    *    any person having an assignable, transferable or conveyable interest or claim in or to any land, building, structure or other property mentioned in this act, shall be

deemed an owner." Laws 1890, p. 24, § 1. The section also provides that the lien shall attach to another or greater interest in the property acquired by such owner subsequent to the commencement to do work or furnish materials, before the lien is established by process of law.

The lien of the plaintiff and of Corey Bros. & Co. relates to the time they commenced work on the ditch, and as fast as it was constructed the right of way was obtained by the water and irrigation company. The contract was binding on both parties, and we must hold that the lien attached as the work progressed. The water and irrigation company will not be heard to say that the lien did not attach to the ditch which the parties who constructed it brought into existence. The law will not permit the company to say "We have the property that your labor created and gave us, but we will not compensate you for it, or concede your lien to secure its payment." We are of the opinion that the defendant was the owner of the ditch, within the meaning of the law quoted, and that a lien to secure the amount due the plaintiff and Corey Bros. & Co., respectively, relates to the time they commenced work. *Turney* v. *Saunders*, 4 Scam. 527.

The Jarvis-Conklin Mortgage Trust Company insist that the court below erred in holding that the lien in favor of Corey Bros. & Co. on the canal was superior to the trust deed on the same property to secure its debt. It is true that the Jarvis-Conklin Mortgage Trust Company obtained their deed of trust before Corey Bros. & Co. commenced work, and that the deed, by its terms, included all the property the water and irrigation company then had, or might thereafter acquire. When mechanics, material men, or other persons make improvements on land on which there is a mortgage or trust deed, such mortgage or trust deed will be superior to the lien to secure the mechanics or other persons; but the water and irrigation company had

no ditch or canal which the deed of trust could transfer to the trustee, until Corey Bros. & Co., by their labor, brought it into existence, and as fast as they constructed the canal their lien attached to it. The trust deed could not transfer the canal from the water and irrigation company to the trustee until it was constructed; until the property came into existence. Under the mechanic's lien law relied upon, we do not think a man can execute a deed of trust on a canal to be constructed on the public lands, and then employ men to build it, and after they have done so, and claim the security of the lien, turn upon them, and say he had transferred the property to a trustee before their labor had brought it into existence. We are of the opinion that the court below was correct in holding the lien of Corey Bros. & Co. superior to the trust deed.

In the suit by the subcontractors Annett & Thompson against William Garland, and the suit of the latter against the subcontractor McMartin, it was alleged that the measurements and estimates authorized by the contracts, and made by the engineer of the Bear Lake & River Waterworks & Irrigation Company, were fraudulent and incorrect; and on motion of Garland the latter company was made a party to those actions, and the issue as to the correctness of the measurements and estimates of the engineer was tried, and decided against the company, and the actual amount found due exceeded such estimate by $23,000, and a decree was rendered against Garland for the full amount of the subcontractors' demand, including this excess,—$23,000. A decree was also rendered in favor of Garland against the water and irrigation company for this $23,000, but the amount due Garland, according to the estimates of the engineer, was not litigated between him and the company. In the suit in hand the plaintiff claims, not only the amount due according to the estimate, but the $23,000 excess, as well. The trial court, in its decree, gave him

$89,551.33, the amount due according to the estimates of the engineer, but disallowed the excess, for the reason that plaintiff had a decree for that part of his claim against the water and irrigation company. He alleges this ruling as error. The decree against the water and irrigation company in favor of Garland, in the suit of the subcontractors against him, was reversed by this court on appeal, and from the judgment of reversal an appeal is now pending in the supreme court of the United States. We must presume that the plaintiff will finally obtain whatever is due him in that case. We hold that the court below rightly excluded the amount in litigation in that case from the decree in this.

Numerous other errors are alleged in this record, which, upon examination, we hold are not well assigned. The judgment of the court below is affirmed.

BARTCH, J., concurred.